408

COLIN McRAE, Plaintiff-Appellant, *v.* GLOBETROTTER COMMUNICATIONS, INC., *et al.*, Defendants-Appellees.

Second District (2nd Division) No. 75-102

Opinion filed April 13, 1976.—Rehearing denied May 12, 1976.

Laurence M. Dunlap, of Overholser, Flannery & Dunlap, of Libertyville, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This action was instituted to recover property damages resulting from a collision between plaintiff's car and one owned by defendant, Globetrotter Communications, Inc. At the time of the collision, the latter vehicle was driven by defendant Rose Gillet. The trial court, in a bench trial, found plaintiff guilty of contributory negligence and entered judgment for the defendant. Plaintiff appeals.

The accident occured in the early afternoon of February 23, 1974, at the intersection of Route 60 and Route 21. The intersection is controlled by traffic signals. At this point, the east-west Route 60 is a four-lane highway; there is a right turn lane for each direction and a left turn lane which is carved out of the median divider. On the date of the accident the weather was clear and dry.

Plaintiff, in company with his wife and daughter, was driving in an

easterly direction on the inside through-lane of Route 60. He testified that when he was approximately 150 to 200 feet from the intersection, he first saw defendant's car which had approached the intersection on Route 60 from the east and was preparing to turn south onto Route 21. Plaintiff noticed that an eastbound car, which he described as a station wagon, was in the left turn lane (facing defendant's vehicle) preparing to turn north onto Route 21. The eastbound auto did not obscure plaintiff's view of defendant's vehicle. Plaintiff stated that he had a green light as he entered the intersection and that he was traveling about 20 miles per hour. When plaintiff was approximately 70 to 80 feet from the mid-point of the intersection, defendant began to make her turn but stopped. When he was between 15 and 25 feet away from her, she again started her turn, this time continuing into the path of plaintiff's car. Plaintiff stated that although he applied his brakes and veered somewhat to the right his car struck defendant's auto on the right rear quarter panel.

Plaintiff testified that damage to his vehicle was so extensive its replacement was required; that it was necessary for him to rent a car for the period between March 1 and April 7, 1974, at a cost of approximately $215 to $220; and that he sustained the additional cost of $18 for having his car towed from the scene of the accident. Plaintiff's wife, Mary McRae, corroborated plaintiff's testimony concerning the details of the accident.

Defendant's version of the accident differed only slightly from plaintiff's account. She stated that as she approached the intersection and pulled into the left turn lane, her view of the approaching eastbound traffic on Route 60 was obscured by what she described as a van preparing to turn left from the eastbound left turn lane of Route 60. She said that the van made its turn before she attempted hers, thus enabling her to view the approaching eastbound traffic on Route 60. It was at this point that she first viewed plaintiff's oncoming vehicle in the inside through lane approximately even with the beginning of the eastbound left turn lane of Route 60. Defendant testified that the traffic control device displayed a green "turn arrow" giving her the right-of-way to turn left. As she attempted her turn, however, she was hit by plaintiff's vehicle.

Her testimony concerning the presence of a green arrow signal on the traffic control device was disputed by plaintiff's witness, James Walwer, a police officer for the Village of Vernon Hills, who testified that at the time of the accident the signals controlling the left turn right-of-ways were not yet functioning. The officer was sure of this for not only did he ascertain on the day of the accident that the signals were not functioning, but during the following June he directed traffic at the intersection while the signals were placed in operation.

Plaintiff contends that, contrary to the court's finding, the evidence established that he was free from contributory negligence.

■■ To establish a case for negligence it is incumbent upon the plaintiff to prove freedom from contributory negligence. (*Compton v. Frank*, 126 Ill. App. 2d 356, 359 (1970); *Gulf, Mobile & Ohio R.R. Co. v. Edwards*, 108 Ill. App. 2d 295, 298 (1969).) When the trial court has found that a plaintiff did not meet this burden, its finding will not be overturned unless it is against the manifest weight of the evidence. *Blake v. Pegg*, 17 Ill. App. 3d 975, 977 (1974); *Havlovic v. Scilingo*, 7 Ill. App. 3d 918, 921 (1972).

■■ Unrebutted, plaintiff's testimony showed that he proceeded through the intersection at 20 miles per hour, a speed approximately 25 miles under the limit, that he applied his brakes, and that he veered to the right upon seeing defendant's car turning in front of him. Plaintiff's conduct in this situation adequately met the standard of due care required of him and we find that he has met his burden of establishing freedom from contributory negligence. We cannot conceive of another precaution plaintiff could have taken in attempting to avoid this accident. We find the trial court's holding to be against the manifest weight of the evidence and therefore, reverse and remand the cause for a new trial consistent with the opinions expressed herein.

Reversed and remanded.

RECHENMACHER and DIXON, JJ., concur.