MARGARET ZAEH, Plaintiff-Appellant, *v.* GARY HUENKE, Defendant-Appellee.

Second District    No. 77-567

Opinion filed March 28, 1979.

Anthony F. Mannina, of Marco & Mannina, of Downers Grove, for appellant.

Lloyd L. Speer, of Popejoy & Speer, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The plaintiff, Margaret Zaeh, was injured when the automobile she was driving was struck from the rear by an automobile driven by defendant, Gary Huenke. At the close of all the evidence plaintiff moved for a directed verdict as to the issues of defendant's negligence and plaintiff's contributory negligence. Her motion was denied. The jury returned a verdict in favor of defendant and plaintiff's motion for judgment *n.o.v.* or, in the alternative, a new trial was denied and the trial court entered judgment on the verdict in favor of defendant. Plaintiff appeals.

The sole question on review is whether the trial court erred in denying plaintiff's motions for a directed verdict and judgment *n.o.v.* or new trial.

The collision occurred at about 7 a.m. on December 10, 1973. Plaintiff was eastbound on Country Club Road in the Village of Woodridge approaching its uncontrolled intersection with Woodward Avenue. Plaintiff testified that she stopped at the intersection, put on her left turn signal and waited for traffic on Woodward Avenue to clear. She stated she was then struck from the rear by defendant and her vehicle pushed 25 feet into the intersection. Defendant and his wife, who was a passenger in his vehicle when the collision occurred, testified they observed plaintiff's vehicle stopped at the intersection as they drove up behind her car on Country Club Road. Defendant testified plaintiff then pulled out into the intersection and stopped a second time. He stated he looked to his right and, after a car traveling north on Woodward Avenue cleared the intersection, he drove forward, without again looking at plaintiff's vehicle stopped in front of him, and struck the left rear portion of her car. He was not asked whether he observed any turn signal operating on plaintiff's vehicle; his wife testified she did not see any turn signal.

■■ The standard to be applied in determining whether or not to grant a directed verdict or judgment *n.o.v* was set forth by our supreme court in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14. "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." In accordance with the *Pedrick* rule we must view the evidence here in the light most favorable to the defendant and determine whether that evidence so overwhelmingly favors plaintiff that no contrary verdict could ever stand.

The trial court stated that defendant was clearly negligent, a conclusion with which we agree, and that the only issue was plaintiff's due care, that is, "whether she moved the vehicle in some way * * * that might possibly be construed to have led [defendant] to believe that her vehicle advanced out of that position." We have examined the evidence and, in its aspect most favorable to defendant, we fail to find any evidence which would tend to show that plaintiff was guilty of contributory negligence.

Defendant testified he saw plaintiff's car stop at the intersection, then drive ahead and again come to a stop in the intersection. He looked to the right towards other traffic proceeding through the intersection, presumably the same cars plaintiff was waiting for, then without again looking towards plaintiff's car he drove forward into it.

■■ Defendant contends the factual disputes whether plaintiff was struck by him at her first stop at the intersection or her second stop in the

intersection and whether she signaled for a left turn justify submitting the issues of negligence and contributory negligence to the jury in this case. We do not agree. When struck by defendant's car, the plaintiff's car was in the place where he saw it when he last looked. He had no right to assume it had moved on and to then drive blindly ahead into plaintiff's car. A driver approaching from the rear has a duty to keep a safe lookout to avoid colliding with a vehicle ahead. (*Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 176, 350 N.E.2d 219, 222.) Whether plaintiff's turn signal was on or not (the only positive evidence is that it was on) or whether the impact occurred at or in the intersection would not, in this case, be relevant to the issues of defendant's negligence or plaintiff's contributory negligence. Defendant was not misled by any conduct of plaintiff proximately causing the collision. (See, *e.g., Foster v. VanGilder* (1965), 65 Ill. App. 2d 373, 213 N.E.2d 421.) As this court stated in *McRae v. Globetrotter Communications, Inc.* (1976), 37 Ill. App. 3d 408, 410, 346 N.E.2d 1, 3, "[p]laintiff's conduct in this situation adequately met the standard of due care required of him and we find that he has met his burden of establishing freedom from contributory negligence. We cannot conceive of another precaution plaintiff could have taken in attempting to avoid this accident." Plaintiff had no duty here to get out of defendant's path so that he could drive ahead without looking as he appears to argue.

Defendant's reliance on *Cook v. Boothman* (1960), 24 Ill. App. 2d 552, 165 N.E.2d 544, is misplaced. It has been distinguished on its facts (see *Glaze v. Owens* (1968), 104 Ill. App. 2d 172, 243 N.E.2d 13) and has not been cited or followed by other courts as correctly illustrating facts from which contributory negligence on the part of the driver of a vehicle struck from the rear can be inferred. Insofar as *Cook* suggests that result might follow on the facts of this case we would not follow it.

On applying the *Pedrick* rule, we determine the trial court erred in refusing to direct a verdict or enter judgment *n.o.v* on the issue of defendant's liability. The judgment will be reversed and the cause remanded for trial on the issue of damages only. See *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758; *Houchins v. Cocci* (1963), 43 Ill. App. 2d 433, 193 N.E.2d 597.

Reversed and remanded.

WOODWARD and RECHENMACHER, JJ., concur.