DAVID W. BENO, Plaintiff-Appellee, v. RAYMOND L. McNEW, Defendant-Appellant (La Salle National Bank Trust No. 14790-09 *et al.*, Defendants).

Second District No. 2—89—0015

Opinion filed July 28, 1989.

Richard W. Husted, of Dundee, for appellant.

Rita Farrell Sullivan, of Early, Collison, Tousey, Regan & Sullivan, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Raymond L. McNew, appeals from an order of the circuit court of Kane County denying his motion for attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). Defendant contends that the trial court abused its discretion when it denied his motion for attorney fees and costs without conducting an evidentiary hearing. We reverse and remand this cause for further proceedings.

On July 30, 1985, plaintiff, David W. Beno, an investigator with the United States Environmental Protection Agency, was inspecting property allegedly being used as an "unauthorized landfill." Plaintiff was injured when he fell on various materials deposited on property belonging to defendant, J.S. Reimer, Inc. On June 1, 1987, plaintiff brought this action seeking damages for his personal injuries against J.S. Reimer, Inc., and four other defendants who owned property adjacent to the "landfill." Count IV of plaintiff's complaint was directed against defendant McNew and alleged that McNew owned a portion of the property on which the "landfill" was located. Plaintiff's complaint against McNew further alleged that McNew breached a duty to exercise care in the operation, control, and maintenance of the property. McNew filed a motion to strike and dismiss count IV of plaintiff's complaint for failure to state a cause of action. McNew's motion alleged that plaintiff's complaint failed to specify the location of his injury and that, as a matter of law, McNew had no obligation or duty to maintain the "landfill" since he was only obligated to a duty of care with respect to property he owned or operated. McNew did not schedule this motion for a hearing.

On December 2, 1987, plaintiff and his counsel, together with all of the defendants and their attorneys except McNew and his counsel, met at the "landfill" site to ascertain where plaintiff's injury took place. Subsequently, on December 30, 1987, plaintiff filed a response to admit facts stating:

"Based upon the inspection of the premises on December 2, 1987, it is Plaintiffs [sic] belief that the fall that occurred on

July 30, 1985, occurred on the property owned by J.S. Reimer, Inc."

On January 6, 1988, plaintiff filed an amended complaint. Count IV of plaintiff's amended complaint was again directed against McNew and realleged that McNew owned a portion of the property on which the "landfill" was located and breached a duty of care in the maintenance of that property. McNew subsequently filed a motion to strike and dismiss count IV of the amended complaint on the basis that McNew did not have a duty to maintain property belonging to another. McNew did not schedule this motion for a hearing. On August 8, 1988, plaintiff voluntarily dismissed McNew as a party defendant in this action.

On August 19, 1988, McNew filed a motion for attorney fees and costs pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). McNew's motion alleged that both the original complaint and count IV of the amended complaint were replete with untrue averments of fact and conclusions of law. Specifically, McNew alleged that in the two years prior to filing the initial complaint, and prior to filing the amended complaint, plaintiff had not ascertained the location of his fall but nonetheless pleaded that McNew owned a portion of the "landfill" and was obligated to maintain that property in a safe condition. McNew further alleged that he did not have any maintenance responsibility for the Reimer property on which plaintiff sustained his injuries. McNew stated that he incurred attorney fees of $2,300 based on 23 hours of work at $100 per hour. McNew further sought compensation for his personal expenses which he valued at $50 per hour multiplied by 50 hours.

On September 21, 1988, plaintiff filed a response to McNew's motion for attorney fees alleging that McNew failed to meet the burden of proof imposed by section 2—611. Plaintiff stated that at the time of his fall there were no markings on the property to delineate ownership and there was a question as to whether the adjoining property owners had placed materials in the "landfill" which created the dangerous condition that caused plaintiff's injuries. Plaintiff's response also charged that McNew's attorney accumulated the attorney fees in this action by failing to notice his motions to dismiss plaintiff's complaint and amended complaint and by failing to participate in the onsite conference with plaintiff and the other parties. In addition, plaintiff alleged that McNew's motion for attorney fees was insufficient in that it failed to substantiate his claim for attorney fees with any documentation. Plaintiff also argued that there was no basis in Illinois law allowing McNew to recover an award of fees for his own time.

The trial court subsequently entered an order granting McNew leave to file a reply to plaintiff's response to his motion for attorney fees and costs and further setting McNew's motion for "presentation of evidence and argument" on October 18, 1988. McNew's reply alleged that plaintiff's action was baseless in law and further alleged that plaintiff knew that he was on the Reimer property at the time of his fall based on documents plaintiff prepared shortly after the incident. With respect to his claim for personal expenses, McNew argued that section 2—611 provides for the payment of attorney fees as part of all "reasonable expenses incurred" from an improper pleading and therefore entitles him to his personal expenses in addition to attorney fees. McNew did not respond to plaintiff's allegation that his motion was insufficient in that it failed to support his claim for attorney fees with any documentation.

On October 18, 1988, the trial court denied McNew's motion for attorney fees "after having heard arguments of counsel," but without conducting an evidentiary hearing. The written order denying McNew's motion states that his motion and request to support the motion with the testimony of himself and his attorney were denied on the basis of the court's holding in *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11. The trial court subsequently denied McNew's motion for reconsideration, and McNew brought this appeal.

■■■ Before reaching the merits of this appeal, we must first address plaintiff's motion to strike certain portions of McNew's appellate brief. Plaintiff asserts that McNew's brief contains numerous references to facts that are not part of the record on appeal. McNew responds that plaintiff's motion to strike is neither authorized by the supreme court rules "nor appropriate in appellate practice." We ordered plaintiff's motion taken with the case. On that same date, we entered an order requiring McNew to file an amended statement of facts with appropriate citations to the record. McNew subsequently filed a "Revised Statement of Facts" in compliance with our order. Thereafter, plaintiff filed his appellee's brief and did not challenge the accuracy of the facts set forth in McNew's revised statement of facts. Given McNew's subsequent compliance with our order compelling him to file a revised statement of facts with appropriate citations to the record, we deny plaintiff's motion to strike. However, additional commentary is necessary to correct certain misconceptions McNew fosters about appellate practice.

McNew has incorrectly asserted that plaintiff's motion to strike is neither authorized by supreme court rules nor appropriate in appellate practice. On the contrary, this court has frequently entertained mo-

tions to dismiss an appeal or strike portions of a brief for violation of supreme court rules. (See *Crabtree v. Department of Agriculture* (1988), 170 Ill. App. 3d 387, 389-90; *Brazinski v. Transport Service Co.* (1987), 159 Ill. App. 3d 1061, 1069; *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 452; *Midland Hotel Corp. v. Reuben H. Donnelley Corp.* (1986), 149 Ill. App. 3d 53, 57-58.) *Brazinski* is particularly significant in that the court in that case granted the appellee's motion to strike the appellant's statement of facts because certain facts were not supported by the record. *Brazinski*, 159 Ill. App. 3d at 1069.

In reviewing McNew's original brief in the instant action, we note several violations of the supreme court rules governing preparation of briefs on appeal. Most significant is the dearth of citation to the record in McNew's statement of facts and argument in violation of Supreme Court Rules 341(e)(6) and 341(e)(7) (113 Ill. 2d Rules 341(e)(6), (e)(7)). Clearly, plaintiff may request that this court strike the noncomplying portions of McNew's brief, and this court would be entitled to grant that relief if it were so disposed. (See *Midland Hotel Corp.*, 149 Ill. App. 3d at 58.) We further direct McNew's attention to the new Supreme Court Rule 375 (128 Ill. 2d R. 375) which took effect on August 1, 1989. Rule 375(a) expressly authorizes this court to impose sanctions against a party or an attorney for failing to comply with the rules governing appeals. (128 Ill. 2d R. 375(a).) Such sanctions may include striking any portion of an offending party's brief or ordering the offending party to pay a fine. (128 Ill. 2d R. 375(a).) In the past, we have directed practitioners' attention to frequent violations of the supreme court rules governing appeals. These comments were not made in the spirit of criticism, but rather as a means to emphasize that the nature of appellate review requires that a reviewing court be furnished with adequate citation to the record and legal authority. The supreme court recognized this when it invoked Supreme Court Rule 341 (113 Ill. 2d R. 341), and has now formally acknowledged that sanctions are appropriate to enforce the provisions of that rule. While we would rather decide cases on their merits, we will impose sanctions in the future if necessary to compel adherence to these provisions. As a final matter, we are compelled to note the irony of McNew's counsel's failure to adhere to the supreme court rules in preparing a brief which, on its merits, criticizes another attorney's conduct.

Turning to the merits, McNew contends that the trial court erred in denying his motion without conducting an evidentiary hearing. We agree.

Section 2—611 of the Code requires that an attorney sign

pleadings and other papers filed with the court as a certification that the attorney has read the document, made a reasonable inquiry into its basis, and believes that it is well grounded in fact and law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; see *Prevendar v. Thonn* (1988), 166 Ill. App. 3d 30, 37.) Pleadings and other papers filed in violation of section 2—611 shall subject the party, the party's attorney, or both to an appropriate sanction which may include an order to pay the other party the amount of reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *Prevendar*, 166 Ill. App. 3d at 38.) The purpose of section 2—611 is to prevent a litigant from abusing the judicial process by penalizing the party who brings a vexatious or harassing action without legal foundation or an action that is based on false statements. (*Wollschlager v. Sundstrand Corp.* (1986), 143 Ill. App. 3d 347, 351.) The party seeking relief has the burden of proof and must establish both that the challenged allegations were untrue and that they were made without reasonable cause. (*Wollschlager*, 143 Ill. App. 3d at 351.) The petition for fees must specifically identify both the statements falsely made and the fees that resulted from those false statements. (*Plainfield Community Consolidated School District No. 202 v. Lindblad Construction Co.* (1988), 174 Ill. App. 3d 149, 154; *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 236.) The trial court's decision regarding the assessment of attorney fees is entitled to great weight, and a court of review will not disturb that determination unless there is a clear showing that the trial court abused its discretion. *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 184-85; *Wollschlager*, 143 Ill. App. 3d at 352.

In the instant action, McNew's petition alleged that plaintiff falsely pleaded that he fell on property owned and controlled by McNew and that plaintiff knew or should have known at the time of making those statements that they were false. McNew's petition further stated the hours and hourly fee of his attorney in defending the false allegations. Although the court scheduled McNew's motion for "presentation of evidence and argument," it nonetheless denied McNew's motion without permitting McNew to call any witnesses. McNew now argues that the court was required to hold a hearing on his motion.

■■ ■ The manner in which the requirements of section 2—611 must be met has been the subject of varying interpretations. (See *Grover v. Commonwealth Plaza Condominium Association* (1980), 76 Ill. App. 3d 500, 512.) Whether a hearing must be held to determine if the allegations within a pleading are untrue and made without reason-

able cause depends upon the circumstances presented in each case. (*In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 610; *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504.) Generally, a hearing on both the merits and the amount is required before an award can be made. (*Launius*, 129 Ill. App. 3d at 504; see *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 185 (wherein court reversed lower court's denial of motion for fees holding that movant was entitled to a hearing on its motion prior to the court's ruling).) Indeed, one court interpreting the predecessor statute to section 2—611 noted the existence of a judicial·mandate requiring a hearing, stating:

> "If the movant must establish his entitlement to the relief sought and the party moved against is entitled to be heard, the only logical conclusion to be drawn is that a hearing must be held." (*Malone v. Checker Taxi Co.* (1972), 3 Ill. App. 3d 1040, 1041.)

However, recent decisions have endorsed summary dismissal noting that, while a hearing is dictated when one is necessary to determine whether the requirements of section 2—611 have been met, no such hearing is necessary if the requirements can be satisfied by looking at the pleadings, trial evidence, or other matters appearing in the record. *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 228-29; *Grover*, 76 Ill. App. 3d at 512; see *In re Application of Cook County Collector*, 144 Ill. App. 3d at 610; *Luanius*, 129 Ill. App. 3d at 504-05.

■ In the instant action, the trial court refused to allow McNew to call any witnesses in support of his motion for attorney fees and summarily denied his motion on the basis of the court's holding in *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11. In *Dayan*, the trial court awarded the defendant attorney fees after a trial and separate hearing to determine the amount of fees. (126 Ill. App. 3d at 13.) In affirming the trial court's award, the court noted that a hearing on a fee petition is dictated where one is necessary to determine whether the statutory requirements of section 2—611 have been met. (126 Ill. App. 3d at 16.) The trial court in that case was able to make a summary disposition on the merits of the fee petition based on the evidence taken from the underlying trial, and a separate hearing was held only to determine the amount of the award. 126 Ill. App. 3d at 22-23.

The court's reliance in *Dayan* in the instant action is not explained. Perhaps the court concluded from the pleadings that McNew's petition did not meet the requirements of section 2—611. If that was the court's determination, it was not expressly stated, and we will not make such a finding for it. Based on the record before us,

we conclude that the trial court erred in summarily disposing of McNew's petition.

Accordingly, the order denying McNew's motion is reversed and this cause is remanded to the trial court with instructions to conduct a hearing on the merits of the motion. In so ruling, we express no opinion on the merits of the motion.

Reversed and remanded.

UNVERZAGT, P.J., and NASH, J., concur.