HOPE JANISCO, Plaintiff-Appellee, v. CELIA M. KOZLOSKI, Defendant-Appellant.

Third District    No. 3—93—0416

Opinion filed February 25, 1994.

Moss & Hillison, of Chicago (Josette Allen, of counsel), for appellant.

Douglas L. Ziech, of Joliet (Frank P. Andreano, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Hope Janisco, brought suit to recover for property damage and personal injuries suffered as a result of an automobile accident involving a vehicle driven by defendant, Celia Kozloski. The law firm of Moss & Hillison entered its appearance on behalf of the defendant, filed discovery requests and answered the complaint, admitting a contact but denying the substantive elements of negligence. The cause proceeded to a jury trial on February 22, 1992. At the close of all evidence, plaintiff moved for a directed verdict on liability, which was granted. After closing arguments, the jury deliberated and returned a verdict finding damages for plaintiff in the amount of $5,070. Defendant's post-trial motion was denied, and this appeal from the denial of post-trial relief and the underlying judgment was perfected.

Testimony admitted at trial established that the accident occurred on June 6, 1991, along Route 30 in New Lenox, Illinois, when defendant attempted to pull out of a parking lot bordering the

south side of the road, intending to cross two lanes of eastbound traffic and then turn left into a westbound lane. At the time, plaintiff was eastbound in the inside lane of the road. According to the undisputed testimony, the traffic at the time was heavy and proceeding at the posted limit of 35 miles per hour. Plaintiff observed defendant pulling out of the lot and into the traffic, and plaintiff applied her brakes, but was unable to avoid a collision with defendant's car. Defendant testified that before attempting the left turn she had seen a van about a half block away in an eastbound lane, but she did not see plaintiff's vehicle until the collision. Defendant was ticketed for failure to yield the right-of-way. She entered a plea of guilty to the charge.

The issues for our consideration on appeal are: (1) whether the trial court abused its discretion in granting plaintiff's motion for a directed verdict on liability; (2) whether the court erred in admitting into evidence plaintiff's medical bills; (3) whether the trial court erred in denying defendant's motion for a mistrial because of plaintiff's mention of insurance in violation of the court's order *in limine*; and (4) whether the court committed reversible error by commenting on the evidence during defense counsel's closing argument. For reasons that follow, we affirm.

Defendant first argues that the trial court committed error when it directed a verdict on liability at the close of all evidence, because a reasonable jury could have believed that plaintiff was contributorily negligent. In support of this argument, defendant points to her own testimony that she saw a van, but not plaintiff's vehicle, in the eastbound flow of traffic before she attempted her left turn. Defendant apparently theorizes that the collision could have been avoided by plaintiff simply because defendant did not see plaintiff's vehicle until the moment of collision.

The standard applicable to directed verdicts is that they should be granted only if "all of the evidence, viewed in its aspect most favorable to the [nonmovant], so overwhelmingly favors the [movant] that no contrary verdict based on the evidence could ever stand." (*Yangas v. Charlie Club, Inc.* (1983), 113 Ill. App. 3d 398, 399, 447 N.E.2d 484, 485, citing *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) In this case, we find that the standard is satisfied.

■ The only evidence relating to plaintiff's conduct immediately preceding the collision is that she was travelling at the posted speed limit when she saw defendant pulling out of the parking lot. Plaintiff immediately applied her brakes, but because of traffic both in the right eastbound lane and the westbound lanes, plaintiff could not

veer to avoid colliding with the left quarter panel of defendant's car. Thus, defendant's testimony concerning the existence of a van that momentarily might have obscured her view of plaintiff's car is not relevant to any potential issue of comparative negligence between these parties. The only possible conclusion that a reasonable person could draw from the evidence presented was that defendant failed to give adequate attention to the eastbound traffic before pulling out to cross it for her left turn into the westbound traffic. Accordingly, we do not hesitate to affirm the trial court's decision granting plaintiff's motion for a directed verdict on liability.

■ Next, defendant posits, without citation to any authority, that the trial court erred in admitting into evidence plaintiff's medical bills without a proper foundation. We hold that defendant has waived any objection to the admission of the documentary evidence. For purposes of appeal, it is well established that a position advanced without legal reasoning or citation to authority is deemed waived. *Pelz v. Streator National Bank* (1986), 145 Ill. App. 3d 946, 955-56, 496 N.E.2d 315, 322, citing *In re Estate of Cochrane* (1979), 72 Ill. App. 3d 812, 391 N.E.2d 35.

Moreover, our review of the record of trial proceedings establishes that defense counsel made general objections to the admission of plaintiff's medical bills and complained that plaintiff had not proved that they had been paid. When plaintiff's counsel attempted to elicit plaintiff's testimony that all of her bills had been paid, defense counsel interrupted to lodge a further objection that bills were not specified. After side-bar conferences, wherein the court ultimately advised defense counsel that his repeated objections were not well-taken, plaintiff testified that bills from the several medical providers had been paid. Defense counsel made no further objections to the proof of payment of medical bills, and in closing argument to the jury, defense counsel conceded that plaintiff had testified that the bills had been paid. Accordingly, we hold that any valid objections defendant may have had to the foundation for admitting the medical bills into evidence were waived by counsel's failure to make specific contemporary objections at trial so that any defect could have been cured.

■ Defendant's third argument—complaining of plaintiff's unsolicited remark that she sent the originals of photos of her damaged vehicle to defendant's insurance company—likewise is without merit. Defendant states that plaintiff's remark violated the court's *in limine* order precluding testimony about insurance, but provides no legal reasoning or citation to authority for the bald assertion that declaring a mistrial was an appropriate sanction.

According to the record before us, the trial court acknowledged defense counsel's concern and offered to give a contemporary curative instruction, or one at the close of all evidence, at defendant's option. Defense counsel then opted to proceed without an instruction. The record is devoid of any evidence that plaintiff's remark was an intentional violation of the court's *in limine* order or that defendant was prejudiced by it. Accordingly, we hold that defendant waived the issue both at trial and for purposes of appeal.

■ Next, defendant argues that the court usurped the jury's role in its comments upon sustaining plaintiff's counsel's objection during defense counsel's closing argument. The objection was raised during defense counsel's argument to the jury about the plaintiff's medical bills:

> "Defense Counsel Schwartz: Bills are not proof. Waving these in front of you and saying, 'Hey, guess what, guys, I was involved in a little accident. Why don't you give me ten thousand dollars?'
>
> That's not proof. They have not met their burden of proof. This is not persuasive evidence. You cannot be persuaded by this."

Plaintiff's counsel objected that the argument misstated the evidence, and the court sustained the objection. The court then admonished the jury as follows:

> "THE COURT: Ladies and gentlemen, I'm not telling you how you should evaluate this. But, for Mr. Schwartz to suggest to you that that's not competent evidence, which is clearly the inference from this, is not correct.
>
> You will decide what the facts are in this case. You will decide what's proximately caused by *** by this accident. And you will decide what the appropriate compensation is. Mr. Schwartz, you may proceed."

As stated in *Pavilon v. Kaferly* (1990), 204 Ill. App. 3d 235, 251, 561 N.E.2d 1245, 1255:

> "[A] trial judge should be afforded a wide latitude in his or her conduct of a trial. (*Simmons v. City of Chicago* (1983), 118 Ill. App. 3d 676, 685, 455 N.E.2d 232, 238.) A judge's conduct and remarks in the presence of a jury will not warrant a reversal unless they are such as would ordinarily create prejudice in the minds of the jurors. (*Oko v. Rogers* (1984), 125 Ill. App. 3d 720, 723, 466 N.E.2d 658, 660.)"

From our review of the entire record in this case, it is clear that the trial court exercised substantial judicious restraint in response to defense counsel's overzealous trial tactics, both in the jury's presence and in side-bar conferences throughout the trial. The record discloses that even though defense counsel interposed thinly veiled, disrespectful commentary directed at the court, the court consistently

responded with patience and restraint. Suffice it to say, any prejudice that might have been created in the minds of the jurors in this case could have resulted from defense counsel's tactics, but not from the court's conduct, which we do not find was in any respect inappropriate.

Lastly, plaintiff suggests that this court should enter sanctions against defense counsel's law firm for advancing a frivolous appeal in violation of Supreme Court Rule 375 (134 Ill. 2d R. 375). Plaintiff argues that the appeal was pursued in bad faith and that this court should award attorney fees and levy a fine to penalize Moss & Hillison, the law firm representing defendant both at trial and on appeal. While we agree that the defense appeal is not a model of appellate advocacy, we do not find sanctions appropriate.

In our opinion, sanctions authorized by Rule 375 should not be imposed except in the most egregious of circumstances. In other cases where Moss & Hillison was sanctioned for its trial defense tactics, this court has upheld the award of attorney fees. (See, *e.g.*, *Liddle v. Cepeda* (1993), 251 Ill. App. 3d 892, 623 N.E.2d 849; *Malone v. Papesh* (1994), 255 Ill. App. 3d 910.) In this case, however, the trial court, as previously stated, resisted holding defense counsel in contempt for overstepping the bounds of vigorous trial advocacy in deference to the trial attorney's youth and inexperience. Likewise, we choose to rise above the temptation to sanction appellate counsel for defects in the appeal, anticipating that the firm's appellate practice will improve with experience. Plaintiff's request for sanctions is denied.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Will County.

Affirmed.

STOUDER and LYTTON, JJ., concur.