SALLY AMADEO, Plaintiff, v. TIM P. GAYNOR, Defendant and Third-Party Plaintiff (Mary Anne Pelini, Third-Party Defendant-Appellee; Parrillo, Weiss, and O'Halloran, Appellant).

Second District   No. 2—98—0031

Opinion filed September 8, 1998.—Rehearing denied November 20, 1998.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

David J. Cahill and Matthew D. Jacobson, both of Swanson, Martin & Bell, of Wheaton, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The appellant, the law firm of Parrillo, Weiss & O'Halloran (Parrillo, Weiss), appeals from the December 5, 1997, order of the circuit court of Du Page County imposing Supreme Court Rule 137 (155 Ill. 2d R. 137) sanctions in the amount of $5,303.48. On appeal, Parrillo, Weiss contends that (1) the award of sanctions was an abuse of the trial court's discretion; and (2) the trial court erred in failing to hold an evidentiary hearing to determine the appropriate sanction amount. We affirm the trial court's order and impose additional sanctions on appeal pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)).

The facts relevant to the disposition of this appeal are as follows. On February 24, 1995, the plaintiff, Sally Amadeo, filed a complaint against Tim Gaynor and Mary Anne Pelini, alleging that she was injured in an April 13, 1994, traffic accident. At the time of the accident, the plaintiff was riding as a passenger in a vehicle being driven by Pelini. The accident occurred when Pelini's vehicle was struck from behind by a vehicle being driven by Gaynor. On May 17, 1995, the plaintiff voluntarily dismissed her action as to Pelini.

On July 14, 1995, Parrillo, Weiss filed an appearance and answer to the plaintiff's complaint on behalf of Gaynor. On that same date, Parrillo, Weiss also filed a cross-claim for contribution against Pelini,

even though Pelini had already been dismissed. The cross-claim alleged that Pelini negligently (1) failed to keep a proper lookout; (2) failed to give a proper warning to any vehicle involved in the collision; and (3) slowed and/or stopped her vehicle suddenly without proper warning.

On November 7, 1995, the trial court entered an order permitting the cross-claim to stand as Gaynor's third-party complaint for contribution against Pelini. On May 10, 1996, following receipt of service, Pelini filed an answer to the third-party complaint for contribution.

On October 11, 1996, Pelini filed a motion for summary judgment on Gaynor's third-party complaint. In support of her motion, Pelini relied upon her own deposition testimony as well as the deposition testimony of the plaintiff and Gaynor. Such testimony revealed that, immediately prior to the accident, Pelini's vehicle was stopped at a red light and that Gaynor had stopped his vehicle immediately behind her. While the light was still red, Gaynor observed Pelini check the traffic to determine if she could turn right on red. Gaynor observed Pelini start to pull her vehicle forward. Gaynor then looked to his left to check for traffic. As Gaynor was looking to his left, he rolled into Pelini's vehicle. Pelini testified that she had stopped her vehicle because the light was still red and because there was oncoming traffic. Gaynor could not recall whether there was oncoming traffic.

Pelini argued that, pursuant to section 11—306(c)(3) of the Illinois Vehicle Code (625 ILCS 5/11—306(c)(3) (West 1996)), she was expressly required to stop her vehicle when facing a steady red light at a controlled intersection. Pelini argued that, because her actions were in accordance with the mandate of the law, she could not have been negligent as a matter of law. Rather, she contended that the sole cause of the accident was Gaynor's failure to keep a safe lookout to avoid colliding with her vehicle. On December 5, 1996, in light of the pending motion for summary judgment, Gaynor agreed to voluntarily dismiss the third-party complaint with prejudice.

On January 3, 1997, Pelini filed a motion for sanctions against Parrillo, Weiss pursuant to Supreme Court Rule 137. Pelini argued that the third-party complaint was frivolous and not warranted by existing law. Pelini requested that sanctions be awarded to her in order to cover her costs, fees, and expenses incurred in defending the action. Attached to her motion, Pelini provided her attorney's affidavit and copies of billing statements detailing her legal expenses.

On December 5, 1997, the trial court held an evidentiary hearing on Pelini's motion for sanctions. At the hearing, Cheryl Fleming testified that she was the attorney from Parrillo, Weiss who prepared and filed the third-party complaint on behalf of Gaynor. Fleming testified

that, in drafting the pleading, she relied upon a telephone conversation she had with Gaynor on June 23, 1995. During this conversation, Gaynor told Fleming that the accident occurred as follows: (1) Gaynor was stopped behind Pelini at a red light; (2) Pelini started to make a right turn during the red light; (3) Pelini stopped suddenly; and (4) there appeared to be no traffic or other reason that would require Pelini to suddenly stop.

Fleming testified that, in drafting the third-party complaint, she also relied on a written statement given by Gaynor to his insurance company on October 5, 1994. In this statement, Gaynor explained that the accident occurred when Pelini started to make a right turn on red and then suddenly stopped. The statement also contained a diagram showing that, at the time of the collision, Pelini's vehicle had started to enter the intersection. Fleming testified that the police report contained no description of how the accident occurred and listed no witnesses.

During the hearing, the trial court asked Fleming whether she was aware of any case law that supported the allegations contained in the third-party complaint. Fleming stated that she was unprepared for such an inquiry and would be unable to provide any cases without going to the library. Fleming also stated that, at the time she filed the complaint, she was not aware that the plaintiff had dismissed Pelini as a defendant.

At the close of the hearing, the trial court granted Pelini's motion for sanctions. Specifically, the trial court found that there was an inadequate legal investigation of the facts known to Fleming at the time she filed the third-party complaint and that there was no legal basis for the allegations contained therein.

After granting the motion, the trial court permitted Parrillo, Weiss the opportunity to contest the costs, fees, and expenses being claimed by Pelini. Parrillo, Weiss expressly deferred to the trial court's judgment in determining whether the hourly fee charged by Pelini's counsel was reasonable. However, Parrillo, Weiss contested numerous time entries contained in the billing statements attached to the motion. After listening to the objections, the trial court determined that the fees charged, with the exception of one-quarter hour, were reasonable. The trial court therefore awarded Pelini sanctions totaling $5,303.48 in costs, fees, and expenses. Parrillo, Weiss filed a timely notice of appeal.

■ Supreme Court Rule 137 dictates that litigants and attorneys have an affirmative duty to conduct an inquiry of the facts and the law prior to filing an action, pleading, or other paper. *North Shore Sign Co. v. Signature Design Group, Inc.*, 237 Ill. App. 3d 782, 789

(1992). The rule requires that a party or litigant sign pleadings and other legal papers to certify that he or she has read the document, has made a reasonable inquiry into its basis, and believes that it is well grounded in fact and in law, or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. 155 Ill. 2d R. 137.

A violation of the rule may subject a party, its attorney, or both to an appropriate sanction, including the award of reasonable attorney fees to the opposing party. *Beno v. McNew*, 186 Ill. App. 3d 359, 365 (1989). The purpose of the rule is to prevent a litigant from abusing the judicial process by penalizing the party who brings a vexatious or harassing action without a sufficient legal or factual foundation. *Beno*, 186 Ill. App. 3d at 365. Because the rule is penal in nature, it must be strictly construed. *In re Estate of Wernick*, 127 Ill. 2d 61, 77 (1989).

■ The trial court's decision to sanction a party under Supreme Court Rule 137 will not be reversed on appeal absent an abuse of discretion. *North Shore Sign*, 237 Ill. App. 3d at 790. Such an abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court. *Senese v. Climatemp, Inc.*, 289 Ill. App. 3d 570, 582 (1997).

■ Although Parrillo, Weiss has devoted much time in its appellate brief to detailing its prefiling investigation, we believe that the crux of the trial court's ruling was that the allegations contained in the third-party complaint were without legal basis. As noted above, the third-party complaint alleged that Pelini negligently (1) failed to keep a proper lookout; (2) failed to give a proper warning to any vehicle involved in the collision; and (3) stopped her vehicle suddenly without proper warning.

Based upon our research, we believe that the trial court correctly determined that these allegations were without legal basis. We are aware of no case imposing a duty upon the driver of a car that is stopped at a red light to keep a lookout for vehicles approaching from the rear. Nor are we aware of any statute or common-law duty that requires the driver of a car to give warning to vehicles approaching from behind, other than to have his taillights in proper working order. Indeed, none of the cases relied on by Parrillo, Weiss specifically impose a duty to warn or to keep a lookout for vehicles approaching from the rear. See, *e.g.*, *Craigmiles v. Egan*, 248 Ill. App. 3d 911, 919 (1993); *Freeman v. Chicago Transit Authority*, 50 Ill. App. 2d 125, 134 (1964); *Cook v. Boothman*, 24 Ill. App. 2d 552, 558 (1960).

As Parrillo, Weiss correctly notes, a rear driver is not necessarily

negligent in all rear-end collisions. See *Craigmiles*, 248 Ill. App. 3d at 919. Rather, the front driver may be negligent where he stops suddenly without cause. See *Cook*, 24 Ill. App. 2d at 555, 558-59 (plaintiff was struck from behind when she suddenly stopped 150 feet beyond a stop sign); *Freeman*, 50 Ill. App. 2d at 134 (plaintiff was struck from behind when he stopped in an intersection when traffic signal turned yellow). The courts in these cases refused to find the rear driver negligent as a matter of law, noting the existence of circumstances from which a jury could find that the plaintiff was also negligent.

Unlike these cases, however, the circumstances herein demonstrate that, immediately prior to the collision, Pelini's vehicle was stopped at an intersection controlled by a red light. As correctly noted by the trial court, Pelini was required by law to stop her vehicle prior to making a right turn on a red light. Section 11—306(c)(3) of the Illinois Vehicle Code provides, in relevant part:

"Except when a sign is in place prohibiting a turn ***, vehicular traffic facing any steady red signal may cautiously enter the intersection to turn right ***, after stopping as required by *** this Section. After stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection or junction or roadways." 625 ILCS 5/11—306(c)(3) (West 1996).

Based on the information available to Parrillo, Weiss at the time it filed the third-party complaint, Pelini's conduct was clearly in conformity with these statutory requirements. In both his written statement and in his telephone conversation with Parrillo, Weiss attorney Cheryl Fleming, Gaynor stated that Pelini stopped for the red light, pulled forward slightly in an attempt to make a right turn, and stopped again. Such actions indicate that Pelini "cautiously" entered the intersection after first stopping for a red light as required by section 11—306. Pelini was then required to stop her vehicle a second time in order to yield the right-of-way to other traffic approaching the intersection. Under these circumstances, we agree with the trial court that the allegations against Pelini were without legal foundation. See *Zaeh v. Huenke*, 70 Ill. App. 3d 39, 41 (1979).

Indeed, Parrillo, Weiss has been unable to cite a single authority directly supporting its characterizations of Pelini's conduct as "a sudden stop." Although Parrillo, Weiss relies on those authorities detailed above, we believe that these cases are distinguishable because they do not involve the factual circumstances presented herein. See *Nolan v. Elliot*, 179 Ill. App. 3d 1077, 1082-83 (1989) (plaintiff was struck by an ambulance when she proceeded through an intersection on a green

light); *Tatum v. Rooker*, 69 Ill. App. 2d 6, 8, 11 (1966) (vehicle struck from behind after suddenly stopping in the middle of the street and because its taillights were not illuminated); *Freeman*, 50 Ill. App. 2d at 134; *Cook*, 24 Ill. App. 2d at 555. We note that, under section 11—306, Pelini was under no obligation to move her vehicle while the traffic signal was red. Once she decided to attempt to turn right, however, she clearly was under a duty to yield the right-of-way to those vehicles passing through the intersection. See 625 ILCS 5/11—306(c)(3) (West 1996). We fail to understand how Pelini's decision to stop a second time could be construed as negligent. See *Zaeh*, 70 Ill. App. 3d at 41.

In so ruling, we cannot help but note the parallels between this case and the situation presented in *Kellett v. Roberts*, 276 Ill. App. 3d 164 (1995). In *Kellett*, this court affirmed the imposition of Rule 137 sanctions against Parrillo, Weiss for filing a speculative and baseless third-party complaint against the driver of a vehicle that was struck from behind. *Kellett*, 276 Ill. App. 3d at 173. As in this case, the plaintiff in *Kellett* was a passenger riding in the front car. *Kellett*, 276 Ill. App. 3d at 166. Immediately prior to the accident, the vehicles were stopped in a line of traffic waiting at a red traffic signal. *Kellett*, 276 Ill. App. 3d at 166. When the light turned green, the line of vehicles initially started to move but then stopped again. *Kellett*, 276 Ill. App. 3d at 166. The defendant was unable to stop his vehicle in time and struck the vehicle in which the plaintiff was riding. *Kellett*, 276 Ill. App. 3d at 166-67. Parrillo, Weiss represented the defendant driver and filed a third-party complaint against the other driver. *Kellett*, 276 Ill. App. 3d at 166.

As in the instant case, Parrillo, Weiss alleged that the driver of the front vehicle failed to keep a proper lookout, failed to give a proper warning, and made a sudden stop. *Kellett*, 276 Ill. App. 3d at 166, 169. Although Parrillo, Weiss did not speak to the defendant prior to filing the pleading, it did rely on a written statement made by the defendant to his insurance company. *Kellett*, 276 Ill. App. 3d at 168-69. The trial court imposed Rule 137 sanctions against Parrillo, Weiss, finding that it did not conduct a reasonable inquiry into the facts of the accident and that the allegations of the complaint were baseless and unsupported by the defendant's deposition testimony. *Kellett*, 276 Ill. App. 3d at 168.

On appeal, we agreed with the trial court that Parrillo, Weiss had failed to conduct a reasonable investigation prior to filing the third-party complaint. *Kellett*, 276 Ill. App. 3d at 173. Additionally, we noted that the circumstances surrounding the collision did not support any allegations of negligence against the driver of the vehicle in which the plaintiff was riding. *Kellett*, 276 Ill. App. 3d at 173. Specifically, we

noted that there was no evidence that the driver failed to keep a proper lookout or failed to give a proper warning. *Kellett*, 276 Ill. App. 3d at 173. Rather, we concluded that the allegations of negligence were "sheer speculation." *Kellett*, 276 Ill. App. 3d at 173.

Although *Kellett* did not involve a right turn at a red light, we nonetheless find the circumstances in *Kellett* to be very similar to those presented in the instant case. As in *Kellett*, there is no evidence herein to substantiate the allegations of negligence contained in the third-party complaint. Although attorney Fleming may have consulted with Gaynor prior to filing the pleading, Parrillo, Weiss has failed to demonstrate how that consultation provided a reasonable factual basis to support its pleading. Rather, for the reasons already discussed, we believe that the allegations contained in the third-party complaint were speculative and without legal basis and that the trial court did not abuse its discretion in imposing Rule 137 sanctions.

■ Parrillo, Weiss also contends that the trial court erred in failing to hold a hearing in order to determine the appropriate amount of sanctions. We believe that this argument is also without merit. As detailed above, Pelini submitted an affidavit detailing the attorney fees incurred in defending the third-party complaint. Parrillo, Weiss was then given the opportunity to contest the reasonableness of the hourly fee and the itemized time charges. Parrillo, Weiss objected to many of the itemized expenses and was permitted to contest the reasonableness of these fees. The record reveals that the trial court considered these objections and ruled on the reasonableness of the fees line by line. Moreover, we note that when Parrillo, Weiss was given the opportunity to contest the hourly attorney fee alleged, it expressly deferred to the trial court's judgment. We therefore believe that Parrillo, Weiss was given a sufficient opportunity to be heard on the appropriate amount of sanctions. See *Kellett*, 276 Ill. App. 3d at 175 (formal evidentiary hearing on the amount of sanctions not required where movant supplies legally sufficient affidavit and detailed time sheet and the respondent is not denied the opportunity to present evidence).

■ Parrillo, Weiss also contends that the trial court erred when it denied its request to call a witness to testify as to the reasonableness of the attorney fees sought. The record reveals that the trial court did not permit this witness to testify because the testimony was offered while the trial court was still considering the merits of the petition for sanctions. However, the trial court did not bar Parrillo, Weiss from calling the witness at a more appropriate time later in the hearing. Indeed, the record reveals that Parrillo, Weiss did not renew its request to recall the witness when the trial court was considering the ap-

propriate amount of sanctions. We believe that Parrillo, Weiss's failure to resubmit this witness was tantamount to waiver. See *Kellett*, 276 Ill. App. 3d at 174. We therefore find no error in the manner in which the trial court determined the appropriate amount of sanctions and decline to disturb the award.

Finally, Pelini requests that we impose Supreme Court Rule 375 sanctions (155 Ill. 2d R. 375) against Parrillo, Weiss for filing a frivolous and a bad-faith appeal. An appeal will be deemed "frivolous" where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, or if a reasonable and prudent attorney would not have brought the appeal. *First Federal Savings Bank v. Drovers National Bank*, 237 Ill. App. 3d 340, 344 (1992). Sanctions for taking a frivolous appeal are penal in nature and should only be imposed in the most egregious of circumstances. *Janisco v. Kozloski*, 261 Ill. App. 3d 963, 968 (1994).

Although we generally hesitate to impose Rule 375 sanctions for fear of hindering a party's right to appeal, we believe the imposition of sanctions is appropriate in the instant case. As detailed above, Parrillo, Weiss filed its third-party complaint without any legitimate supporting factual or legal basis. During the hearing on sanctions before the trial court, Parrillo, Weiss attorney Fleming was unable to cite a single case in support of her negligence theory against Pelini. Moreover, on appeal, Parrillo, Weiss also has been unable to offer any authority in direct support of its legal theories. Nor has Parrillo, Weiss offered any good-faith argument for the extension, modification, or reversal of existing law. We therefore believe that the instant appeal is not well grounded in fact or law and would not have been filed by a reasonable and prudent attorney.

Perhaps most troubling is the fact that this is the second occasion on which Parrillo, Weiss has appeared before this court after filing a frivolous third-party complaint in a case involving a rear-end collision at an intersection controlled by a red light. As detailed above, *Kellett* presented factual circumstances quite similar to those at issue herein. In that case, we held that such circumstances were insufficient to support allegations of negligence against the driver of the vehicle that was struck from behind. *Kellett*, 276 Ill. App. 3d at 173. As these precise issues have already been addressed by this court, we are troubled by Parrillo, Weiss's insistence to revisit these issues at Pelini's expense. Indeed, we note that Parrillo, Weiss's appellate counsel herein is the same individual who prosecuted the appeal on its behalf in *Kellett*. Based on the foregoing, we can only conclude that the instant appeal is frivolous.

For all of these reasons, Pelini's motion for Rule 375 sanctions is granted. Pelini's attorneys have filed an affidavit and a detailed statement of expenses and attorney fees incurred as a result of defending this appeal. These expenses total $5,353.42. We have reviewed these materials, as well as Parrillo, Weiss's response, and believe that the fees alleged in the motion and its exhibits are reasonable. We therefore enter judgment in favor of Pelini, and against Parrillo, Weiss, in the amount of $5,353.42. This judgment is in addition to the $5,303.48 judgment already awarded to Pelini by the trial court.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County, and we impose Supreme Court Rule 375 sanctions against Parrillo, Weiss in the amount of $5,353.42.

Affirmed; sanctions imposed.

RAPP, J., concurs.

BOWMAN, J., dissenting.

I respectfully dissent. I am concerned with the practical implications of this decision, and I believe that the imposition of sanctions in this case will have a chilling effect on the practice of law. I cannot agree with the majority's conclusion that the trial court properly imposed sanctions against Parrillo, Weiss because I believe that the third-party complaint was well grounded in both law and fact. I also disagree with the majority's imposition of additional sanctions.

The majority states that the "crux of the trial court's ruling was that the allegations contained in the third-party complaint were without legal basis." 299 Ill. App. 3d at 701. While I may agree with the majority's conclusion that there is not a duty to warn or keep a lookout for vehicles approaching from behind, I cannot agree that the remaining allegations in the third-party complaint lacked a sufficient legal basis. In addition to alleging that Pelini did not keep a proper lookout and that Pelini stopped without warning, the third-party complaint also alleged that Pelini failed to exercise reasonable care in operating her vehicle. It is well settled in Illinois that the driver of a motor vehicle does have a duty to exercise reasonable care in operating her vehicle to avoid a collision. *Moran v. Gatz*, 390 Ill. 478, 481 (1945). In light of this long-standing rule, I believe that the allegation that Pelini failed to exercise reasonable care in operating her vehicle serves as a sufficient legal basis.

I also believe that the trial court abused its discretion in finding that there was an inadequate legal investigation of the facts. In drafting the third-party complaint, Fleming relied on a telephone conversa-

tion with Gaynor in which Gaynor told Fleming that Pelini stopped suddenly and that there was no traffic or other reason for the stop. Fleming also relied on the written statement that Gaynor submitted to his insurance company. In the written statement, Gaynor recounted that after Pelini started to make a right turn she suddenly stopped. Moreover, the diagram attached to the written statement depicted that Pelini's car started to enter the intersection. According to Fleming, the police report included neither a description of the events precipitating the accident nor a list of witnesses. Also, plaintiff named Pelini as a defendant in the original complaint, and Fleming was not aware that Pelini had been dismissed as a defendant at the time that she filed the third-party complaint. In light of this evidence, I believe that Fleming had sufficiently investigated the facts prior to filing the third-party complaint and that her actions were reasonable under the circumstances. See *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 143 (1998) (a party's conduct must be reasonable at the time of filing).

Given that there was no evidence before the trial court to suggest that Parrillo, Weiss filed the third-party complaint for vexatious or harassing purposes and that the third-party complaint was both legally and factually sufficient, I would reverse the trial court's imposition of sanctions. For the same reasons, I disagree with the majority's decision to impose additional sanctions pursuant to Supreme Court Rule 375.