BANK OF ILLINOIS IN MT. VERNON, Plaintiff-Appellant, v. BANK OF ILLINOIS IN MT. VERNON, as Trustee, et al., Defendants—(KEITH TITTLE et al., Defendants-Appellees.)

(No. 72-151; ▮▮▮▮▮▮▮)

Fifth District—August 14, 1973.

Glenn E. Moore, of Craig & Craig, of Mt. Vernon, for appellant.

N. Y. Dowell, of Dowell & Dowell, of Mt. Vernon, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

On January 27, 1969, Mt. Vernon Management Co. conveyed the property involved here to the Bank of Illinois in Mt. Vernon, as trustee, and on the same date entered into a trust agreement with the bank. The deed and the agreement were in the standard forms used for creating an Illinois land trust. The trust agreement provided that Mt. Vernon Management Co. was the owner of the full beneficial interest. The deed into trust was recorded February 7, 1969.

On March 27, 1969, the Management Co. and J. R. Lamberson, its president, borrowed $8,000 from the bank and signed a note in that amount as evidence of the loan. The Management Co., by written direction, directed the bank, as trustee under the land trust, to execute and deliver a mortgage of the property to secure the note. This was done. The mortgage was recorded April 1, 1969.

Subsequently, on June 5, 1969, Mt. Vernon Management Co. sold the property to Keith Tittle and Joyce Tittle. The Management Co., instead of having the bank, who held the title as trustee, convey the property to the Tittles, executed and delivered to the Tittles a warranty deed. It was recorded June 5, 1969. The Tittles obtained a loan from the Mt. Vernon Loan and Building Association and to secure the loan, executed and delivered a mortgage of the property to the Loan and Building Association. This mortgage was recorded June 5, 1969.

The Management Co. and J. R. Lamberson being in default in payment of their $8,000 on loan, the bank commenced this proceeding to foreclose its mortgage. The Tittles were joined as defendants in order to bar their right to redeem the property from a foreclosure sale.

The Tittles first filed an answer to the foreclosure complaint. In it they set up the transaction whereby they obtained the deed to the property from the Mt. Vernon Management Co. and their loan from and mortgage to the Mt. Vernon Loan and Building Association. They also said in their answer that they did not know of the mortgage to the Bank and that the officers of Mt. Vernon Management Co. failed, neglected or refused to inform them of it.

Later they filed a motion to dismiss the complaint. The motion was granted and the bank obtained leave and filed an amended complaint. The Tittles filed their motion to dismiss the amended complaint. The motion was granted and judgment entered for the Tittles. This appeal is from that judgment.

The question presented is whether the Bank of Illinois in Mt. Vernon is able to maintain a suit against the Bank of Illinois in Mt. Vernon acting as trustee.

Appellants argue that the corporation is acting in two legal capacities

and should therefore be considered to be two separate legal entities. They maintain that a fiduciary acting in his representative capacity is a different person for judicial purposes from the same person in his individual capacity, citing 89 C.J.S. 715, Trusts, sec. 3. They also refer to the case of *Cleveland v. Cleveland,* 225 Ill. 570, where in a suit by Harry L. Cleveland executor against Phoebe A. Cleveland the Illinois Supreme Court said: "Harry L. Cleveland in his individual capacity as an heir was not a party to that suit. In his individual capacity Harry L. Cleveland is as much a stranger to that record as if he bore a different name and had no interest whatever in the subject matter of the litigation. The right to appeal is statutory, and no one is authorized to prosecute an appeal who is not a party to the suit." However we find that we do not have to pass on the question of whether or not the bank and the bank trust department are separate entities and we make no ruling on that point.

The rights of the appellees, Keith and Joyce Tittle, are no greater than the rights of Mt. Vernon Management Co. from whom they obtained their title.

Under the trust agreement the trustee had the power to mortgage the property but only upon the direction of the beneficiary. According to the terms of this land trust the trustee held both the equitable and legal titles. The real power, the power to direct the trustee, was vested in the beneficiary. The trustee could act only if told to do so by the beneficiary.

In this case the trustee executed the mortgage not only with the full knowledge of the beneficiary, but upon the latter's orders.

Under the circumstances here shown, it would be fundamentally unfair to allow Mt. Vernon Management Co. to direct the trustee to obtain the mortgage, obtain the proceeds thereof, and then escape payment because the trustee had followed its directions.

■■ The further contention that the bank cannot recover because of self-dealing is not valid in this case because the acts were specifically authorized by the beneficiary. *Morris v. The Broadview,* 328 Ill.App. 267.

■■ We hold that the Bank of Illinois in Mt. Vernon may maintain the suit.

Reversed and remanded with directions.

EBERSPACHER, P. J., and JONES, J., concur.