FIRST FEDERAL SAVINGS BANK OF PROVISO TOWNSHIP, Plaintiff-Appellee, v. DROVERS NATIONAL BANK OF CHICAGO, as Trustee, *et al.*, Defendants (Jeffrey W. Nolen *et al.*, Defendants-Appellants).

Second District   No. 2—91—1123

Opinion filed August 14, 1992.

John R. Heying, of Heying & Watts, of Naperville, for appellants.

Nancy T. Owens and Daniel Kohn, both of Horwood, Marcus & Braun, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, First Federal Savings Bank of Proviso Township, sued to foreclose a mortgage on certain property held by defendant Drovers National Bank of Chicago (Drovers) as trustee under an Illinois land trust. Jeffrey, Deborah, and Catherine Nolen are the children of John and Joan Nolen, the original debtors under the note that was secured by the mortgage. The Nolen children opposed the foreclosure action, relying on their status as owners of the beneficial interest (though not having the power of direction) under the land trust. The trial court granted summary judgment for plaintiff, holding that the Nolen children had raised no genuine issues of material fact to oppose plaintiff's right to foreclose the mortgage. The trial court also awarded plaintiff attorney fees pursuant to the mortgage.

The Nolen children argue that (1) the trial court erred in granting plaintiff summary judgment on the foreclosure action; and (2) the trial court's award of attorney fees was an abuse of discretion. Plaintiff requests reasonable attorney fees for this appeal pursuant to the mortgage. We affirm and order a response from plaintiffs and their attorney pursuant to Supreme Court Rule 375 (134 Ill. 2d R. 375).

In 1971 Drovers and the Nolen parents entered into a trust agreement. Drovers became trustee of real estate (the property) in Villa Park, Illinois. John and Joan Nolen held the beneficial interest in the land trust. In March 1983, the Nolens and Drovers agreed to an unrecorded modification of the trust agreement. The Nolen parents assigned the beneficial interest in the trust to the appellants but retained the power of direction.

On May 14, 1987, plaintiff, Drovers and the Nolen parents entered into the following agreements. Plaintiff agreed to lend Drovers $50,000. To secure this note, plaintiff became mortgagee and Drovers became mortgagor of the property. The Nolen parents assumed the personal obligation on the $50,000 loan and agreed to all the provisions of the note and mortgage.

On September 14, 1989, plaintiff filed a complaint to foreclose the mortgage, alleging that the note and mortgage had been in default since September 1, 1988. Plaintiff asked the court to declare due the entire debt secured by the note and mortgage. Plaintiff requested a judgment of foreclosure, a judicial sale of the property, and, if neces-

sary, a personal judgment for any deficiency. Plaintiff also requested a judgment for attorney fees, costs and expenses.

On October 10, 1989, John Nolen moved to be dismissed as a party to the foreclosure proceeding. His motion stated that Joan Nolen was deceased, that he and Joan Nolen were the signatories of the original note, and that this note had been discharged in bankruptcy. He also stated by affidavit that the Nolen children now held the beneficial interest in the property. The court dismissed the Nolen parents from the case.

On October 27, 1989, the Nolen children moved pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) to dismiss the foreclosure suit. They alleged that they were the only beneficiaries of the trust; that they did not sign the note or other personal obligation on the $50,000 loan; and that, because the Nolen parents' personal liability on the note had been discharged in bankruptcy, there was no valid note on which to base the mortgage foreclosure action.

Plaintiff responded that the Nolen children had effectively admitted that they were not parties to the foreclosure action; that the discharge in bankruptcy of the Nolen parents' personal liability on the note had no effect on the mortgage securing the note or on the foreclosure proceedings; and that because the Nolen children never received the power of direction under the land trust agreement, their consent was not required when Drovers entered into the mortgage at the Nolen parents' request. The trial court denied the motion to dismiss.

On February 6, 1990, the Nolen children moved for reconsideration, arguing that the mortgage and note did not incorporate each other and that the mortgage was therefore "unsecured by the note as a matter of law." Plaintiff responded that the note and mortgage were valid, that the mortgage explicitly stated that it was granted to secure the payment of the note, that the note explicitly stated that it could be satisfied by enforcement of the mortgage, and that the note and mortgage could each be enforced independently. Plaintiff argued that the motion for reconsideration simply reintroduced arguments that the court had already rejected; these arguments thus were not well grounded in fact or existing law and were reintroduced solely to cause delay. Plaintiff cited and argued section 2—611 but did not pray for fees. The proper basis for sanctions was (and is) Supreme Court Rule 137 (134 Ill. 2d R. 137), effective August 1, 1989.

On June 6, 1990, after a hearing, the court denied the motion for reconsideration and gave the Nolen children 28 days to file an answer.

On July 20, 1990, plaintiff moved for (1) a default judgment against all defendants; (2) a judgment of foreclosure; and (3) attorney fees.

On July 20, 1990, the court granted plaintiff a judgment of foreclosure. The order stated that plaintiff was entitled to attorney fees as specified by the mortgage; these fees and other costs of litigation were made a lien on the property. The court also found all defendants in default.

On August 2, 1990, the Nolen children moved to vacate the judgment. They alleged that attorney Heying mailed a copy of the answer to the complaint to the Nolen children, but had inadvertently sent the answer to the wrong address, and that Heying had mistakenly docketed the matter for July 25, 1990. The court granted the motion and allowed the Nolen children to answer.

On September 4, 1990, the Nolen children answered the complaint. They alleged that the foreclosure was invalid because the consideration for the note and mortgage was never delivered to the trust beneficiaries (*i.e.*, the Nolen children). They also asserted that the note and mortgage did not sufficiently incorporate each other to justify acceleration of the note "as a basis to foreclose the mortgage."

Plaintiff moved for summary judgment. The Nolen children argued that there were issues of fact, *e.g.*, whether the note was supported by consideration and whether the discharge of the note in the bankruptcy proceeding prevented plaintiff from foreclosing on the mortgage. On December 21, 1990, the court granted plaintiff summary judgment and entered a judgment of foreclosure.

On December 21, 1990, plaintiff filed a petition for attorney fees, pursuant to the terms of the mortgage papers, updating its earlier petition. On January 11, 1991, the Nolen children filed their motion for reconsideration. They repeated their assertion that the mortgage was invalid for want of consideration. They also argued that plaintiff's petition for attorney fees was inadequately substantiated.

On February 21, 1991, the trial court denied the Nolen children's motion for reconsideration and set March 4, 1991, for the hearing on plaintiff's petition for attorney fees. Plaintiff submitted a detailed statement of the fees it had incurred in the cause. The Nolen children filed a lengthy argument "resisting" the petition. Plaintiff responded that the fees were proper and that the Nolen children and their counsel had increased plaintiff's costs by filing frivolous and repetitious motions.

On August 1, 1991, the court by letter opinion rejected the objections to the fee petition and held that plaintiff's fees were fair and reasonable "given the circumstances of the case," which included "the

approach taken by the [Nolen children]." On September 13, 1991, the court entered an order finding plaintiff's attorney fees fair and reasonable and granting plaintiff leave to proceed with a foreclosure sale.

■ We have the inherent jurisdiction to impose sanctions and award attorney fees under Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). (*Gilkey v. Scholl* (1992), 229 Ill. App. 3d 989, 993; *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, 788.) Plaintiff has not specifically requested sanctions on *this* particular ground, but a reviewing court may invoke Rule 375(b) on the court's own initiative where it deems it appropriate. (134 Ill. 2d R. 375(b).) Where the court initiates the sanction, the court must require the party or attorney or both to show cause why such a sanction should not be imposed. 134 Ill. 2d R. 375(b).

■ The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us. (*Kennedy*, 197 Ill. App. 3d at 788.) Specifically, Rule 375(b) allows us to impose an appropriate sanction upon a party or the party's attorney if "it is determined that the appeal itself is frivolous, or that an appeal was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose." 134 Ill. 2d R. 375(b).

■ We believe that, in the absence of a showing to the contrary, this appeal warrants sanctions. First, it appears that the appeal itself is frivolous. As stated in the supreme court rule, an appeal will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law. (134 Ill. 2d R. 375(b).) Otherwise stated, an appeal will be deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, 791; accord *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.* (1990), 203 Ill. App. 3d 304, 312.

■ Plaintiff undertook to foreclose a mortgage on property that was without doubt subject to the mortgage. Both the original note and the mortgage itself gave plaintiff the right to proceed *in rem* against the property in the event of a default. There is no dispute that the mortgage is in default. On appeal, however, the Nolen children argue that the grant of summary judgment was improper because (1) they were "strangers" to the original debt and should not be "held responsible" for the default because they received no consideration, *i.e.*, proceeds from the original loan; and (2) the original note

was discharged in bankruptcy, therefore extinguishing the mortgage liability and preventing foreclosure. We conclude that both of these issues are without merit and that counsel for the Nolen children knew or should have known of these issues' lack of merit at the time of the appeal.

The Nolen children are not being held "responsible" for the loan; rather, they are (at most) losing their beneficial interest in the property as a result of the default. Under an Illinois land trust, the trustee (here Drovers) has both legal and equitable title to the property; the beneficial interest is personal property. (Ill. Rev. Stat. 1989, ch. 29, par. 8.31; *Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, 543.) Until March 1983, the Nolen parents held this property. They permissibly transferred the beneficial interest to their children while retaining the power of direction. See *Dorman v. Central National Bank* (1981), 97 Ill. App. 3d 429, 432-33; *Rudolph v. Gersten* (1968), 100 Ill. App. 2d 253.

As long as the Nolen parents retained the power of direction, they retained the legal right to mortgage the property (or, more precisely, to direct Drovers to do so), even at the potential cost of defeating the Nolen children's interest in the property. *Dorman*, 97 Ill. App. 3d at 432-33; *Gersten*, 100 Ill. App. 2d at 264; see also *Bank of Illinois v. Bank of Illinois* (1973), 13 Ill. App. 3d 711 (mortgagor could foreclose mortgage against property even though assignees of beneficial interest did not know of mortgage).

Thus, when plaintiff sued to foreclose the mortgage, it was irrelevant that plaintiff had provided *appellants* with no consideration in the form of loan proceeds; plaintiff loaned the Nolen parents $50,000 and was not timely reimbursed. Plaintiff therefore had a right to proceed against the property. The Nolen children suffered disappointed expectations, not legal injury.

Furthermore, the Nolen children received the beneficial interest via an unrecorded and gratuitous transfer from their parents. Their argument that the mortgage foreclosure should be enjoined because they themselves were "strangers" to the mortgage is not merely, as we have explained, legally and logically incorrect; it is also tantamount to a request that this court permit a maneuver that could be used to defraud creditors. The Nolen children argue that there can be no foreclosure on land held in trust if the beneficiary has secretly transferred his beneficial interest to a third party. Such an argument is frivolous and potentially mischievous.

The Nolen children also argue that plaintiff would not be entitled to foreclose against the property were it shown that John Nolen's

personal debt had been discharged in bankruptcy. This argument is incorrect as a matter of law. In *Johnson v. Home State Bank* (1991), 501 U.S. 78, 115 L. Ed. 2d 66, 111 S. Ct. 2150, the Supreme Court held unanimously that a discharge in bankruptcy extinguishes only the creditor's right to proceed *in personam* against the defaulting debtor and not the right to proceed *in rem* in a mortgage foreclosure action. The Court noted that the Bankruptcy Code embodied a rule the Court adopted in 1886. We note that the Court decided *Johnson* slightly over three months before the notice of appeal was filed in this case.

The Nolen children next challenge the trial court's award of attorney fees to plaintiff. We conclude that this aspect of the appeal is also frivolous.

Under the mortgage and the Illinois Mortgage Foreclosure Law, plaintiff has the right to reasonable attorney fees incurred in connection with the foreclosure, with these fees chargeable against the proceeds from the judicial sale. (See Ill. Rev. Stat. 1991, ch. 110, pars. 15—1504(a), 15—1510.) At the hearing on fees, plaintiff submitted a detailed breakdown of its attorney fees; the Nolen children presented no expert testimony (and essentially no testimony at all) that these fees were unreasonable. The trial court explicitly found that plaintiff's fees were fair and reasonable.

The attacks on the fee award amount to little more than random sniping, with no support from either evidence or case law. With no record to support an allegation of excessive fees, a reasonably prudent attorney acting in good faith would not have raised the issue in this court. That the argument is frivolous is further suggested by the manner in which the Nolen children present it in their brief. In violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), they cite neither relevant authority nor specific parts of the record. We consider the issue waived. 134 Ill. 2d R. 341(e)(7); see, *e.g., Poplar Grove State Bank v. Powers* (1991), 218 Ill. App. 3d 509, 516-17.

We thus conclude that the Nolen children and their attorney should be required to show cause why a sanction should not be imposed on the ground that this appeal is frivolous under the standard of Supreme Court Rule 375(b). Should they fail to make such a showing, we shall consider this a basis for sanctions or attorney fees.

Second, this appeal appears to violate Supreme Court Rule 375(b) in that it appears not to have been taken in good faith, but for an improper purpose, to cause unnecessary delay or harassment. We note not only the apparent frivolousness of the issues raised on appeal, but also the trial judge's considered conclusion that the Nolen children and their counsel needlessly contributed to plaintiff's expenses by re-

peatedly raising meritless arguments for no discernible valid purpose. See, *e.g., Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 880.

The manner of prosecuting this appeal suggests that it was brought for the purpose of delay and harassment. We note that attorneys are obligated under supreme court rules governing professional conduct not to bring frivolous appeals. 134 Ill. 2d R. 3.1.

The Nolen children's statement of facts is both highly argumentative and grossly inaccurate, in blatant disregard of Supreme Court Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)). It contains numerous argumentative if not gratuitous assertions, *e.g.,* (1) that both plaintiff and Drovers erred in disbursing the loan proceeds to the Nolen parents; (2) that the Nolen children "receive[d] nothing. No consideration, no hearing on the merits, no equal protection of the procedural law"; and (3) that the trial judge deprived the Nolen children of their due process rights without understanding what he was doing.

We must commend the trial judge for his patience in allowing the Nolen children to present numerous arguments with little, if any, basis in fact or in law. Far from depriving the Nolen children of due process, the judge allowed them to introduce all of the factual matters and arguments they desired. The judge simply concluded that none of their assertions or arguments negated plaintiff's right to summary judgment.

The "Argument" in the Nolen children's brief cites no relevant case authority and relies heavily on string citations to cases with little relevance here. The Nolen children resort to crude melodrama, *e.g.,* that they have been put through a "Dickensian legal nightmare" and that the proceedings at the trial level resembled "a trip back to the legal misery of Dickens's London." Such hyperbolic "argument" does nothing to persuade us that this appeal has any merit.

This court does not mean to discourage attorneys from zealously representing their clients or from bringing appeals that have even arguable merit. Unless the Nolen children or their counsel are able to persuade us otherwise, we do not believe that this is such an appeal.

We therefore direct the Nolen children and their attorney to file, within 14 days, a brief or memorandum with this court showing why we should not impose sanctions or attorney fees under Supreme Court Rule 375(b).

Should we thereafter decide that this appeal warrants sanctions, we shall order, in due course, that plaintiff file a statement of reasonable expenses and attorney fees incurred as a result of this appeal, with an appropriate opportunity for the Nolen children and their counsel to respond. This court will thereafter file a supplemental opin-

348

ion or order determining the amount of the sanction to be imposed on the Nolen children or their counsel. See *Singer*, 217 Ill. App. 3d at 880-81; *Dreisilker*, 203 Ill. App. 3d at 312-13.

For the above reasons, the judgment of the circuit court of Du Page County is affirmed, and a rule to show cause issued.

Affirmed; rule to show cause issued.

INGLIS, P.J., and DUNN, J., concur.