No.  2--00--1210    

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

STERLING HOMES, LTD.
, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellee, ) 

) 

v. ) No. 98--AR--2223

)

LEO C. RASBERRY and BRIDGETTE ) Honorable

H. RASBERRY,  ) Robert K. Kilander and

  ) Richard A. Lucas,

Defendants-Appellants.  ) Judges, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The 
pro
 
se
 defendants, Leo Rasberry and Bridgette Rasberry, appeal from the March 2, 2000, order of the circuit court of Du Page County entering judgment on behalf of the plaintiff, Sterling Homes, Ltd., in the amount of $35,007.28.  On appeal, the defendants raise numerous objections to the proceedings below.  For the following reasons, we affirm and order a response from the defendants pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)).

The following facts are relevant to the instant appeal.  On April 20, 1997, the parties executed a construction and purchase agreement for the construction of a new home.  The agreement required the defendants to pay the plaintiff $25,000 toward the purchase price of the home prior to closing.  The agreement also contained the following provision:

"Builder, by accepting the final payment, waives all claims against Purchaser except those which Builder has previously made in writing and which remain unsettled at the time of closing and occupancy by Purchaser."

Prior to closing, the defendants gave the plaintiff three separate checks totaling $25,000.  These were dated May 8, 1997, June 3, 1997, and July 5, 1997.  The check written on July 5, 1997, was in the amount of $15,000.  When this check was presented to the defendants' bank, the bank refused to honor the check due to insufficient funds.

The closing of the transaction took place on July 25, 1997.  At the time of the closing, the defendants' $15,000 check had not yet been returned to the plaintiff unpaid.  The amount of this check was therefore credited toward the purchase price.  The defendants tendered a check for the remaining amount at the closing, and the plaintiff turned over possession of the home.

On September 11, 1998, the plaintiff filed a three-count complaint against the defendants.  Count I sought payment on the bad check pursuant to Article 3 of the Uniform Commercial Code (the Code) (810 ILCS 5/3--101 
et
 
seq.
 (West 1998)).  Counts II and III sought recovery for breach of contract.  The plaintiff sought judgment in the amount of $15,000, plus interest, attorney fees, and costs.  The defendants appeared 
pro
 
se
.

On January 21, 2000, the trial court entered summary judgment on behalf of the plaintiff.  On March 2, 2001, following a hearing  on attorney fees and the calculation of interest, the trial court entered judgment on behalf of the plaintiff in the amount of $35,007.28.  This amount included an award of $6,466.78 for interest and costs and an award of $13,540.50 for attorney fees.  Following the denial of their motion to reconsider, the defendants filed a timely notice of appeal.

On appeal, the defendants raise six different issues.  The defendants' first argument on appeal is that the trial court erred in granting the plaintiff's motion for summary judgment and in denying the motion for summary judgment that the defendants had filed earlier in the proceedings.  In their motion for summary judgment, the defendants argued that the plaintiff's complaint was barred because the plaintiff had accepted final payment on the house at the closing and had therefore waived all claims against the defendants under the contract.  The defendants also argued that their motion should have been granted because the plaintiff failed to file any counteraffidavits.

The purpose of a motion for summary judgment is to determine whether a genuine issue of triable fact exists and should be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  735 ILCS 5/2--1005(c) (West 1998).  Our standard of review on such a motion is 
de
 
novo
.  
Quinton v. Kuffer
, 221 Ill. App. 3d 466, 471 (1991).

Contrary to the defendants' assertions, we do not believe that the contract barred the plaintiff's action.  As noted above, the contract provided that the plaintiff waived all claims upon plaintiff's acceptance of final payment.  Although the defendants tendered a check to the plaintiff at closing, we disagree that such a check constituted "final payment" when $15,000 of the purchase price was allegedly outstanding.  As the plaintiff had not yet received the full payment of the purchase price at closing, we do not believe that it waived its right to sue for breach of contract.  Additionally, we note that the waiver provision contained in the contract would not preclude the plaintiff from seeking recovery on the bad check pursuant to the provisions of Article 3 of the Code.  810 ILCS 5/3--301 (West 1998).  Accordingly, we conclude that the plaintiff's action was not barred under the provisions of the contract.

We also reject the defendants' contentions that no counteraffidavits were filed in opposition to their motion for summary judgment.  To the contrary, the record demonstrates that the plaintiff's president executed an affidavit indicating that the defendants' $15,000 check had been returned to the plaintiff after the closing due to insufficient funds.  The affidavit also indicated that the plaintiff had never submitted a new check or other payment.  A copy of the returned check was attached to the plaintiff's verified complaint.  In light of such evidence, we believe that the trial court correctly determined that the defendants were not entitled to summary judgment. 

Rather, we agree with the trial court that the plaintiff was entitled to summary judgment.  Attached to the plaintiff's motion was a copy of the returned check, along with a bank statement indicating that the check had been returned for insufficient funds.  Also appearing in the record is a letter written by the defendants acknowledging that their check had been returned and indicating their intent to replace the check.  In the entirety of the proceedings, the defendants have never offered any evidence that they replaced this check or otherwise paid the remaining $15,000 still owed.  Accordingly, we find that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law.

The defendants next argue that the trial court abused its discretion in failing to require the plaintiff to respond to their discovery requests.  However, a review of the record reveals that the defendants never secured any rulings from the trial court regarding discovery.  On November 16, 1999, the defendants did file a motion to compel discovery.  However, at the hearing on the motion, the defendants did not argue the merits of their motion  and instead filed a petition for removal to the United States District Court.  When the proceedings were remanded to the trial court, the defendants did not pursue their motion to compel.  As the trial court never entered any order on the defendants' discovery motion, there is nothing for us to review.

The defendants' next argument on appeal is that the trial court erred in failing to take judicial notice of an order entered by the United States District Court for the Northern District of Illinois allegedly dismissing the plaintiff's complaint.  In making this argument, the defendants have blatantly misrepresented the record.  The record indicates that on November 19, 1999, the defendants filed a petition to remove this case to the United States District Court.  On March 18, 1999, the federal court conducted a hearing on the petition for removal.  The defendants failed to appear at the hearing, and the federal court dismissed the defendants' petition for removal for want of prosecution.  The federal court also remanded the case to the trial court for further proceedings.  Therefore, contrary to the defendants' assertions, the federal court did not dismiss the underlying lawsuit.

The defendants next argue that the trial court's interest calculations and award of attorney fees were unreasonable and not warranted by existing law.  We disagree.  We have carefully reviewed the trial court's interest calculations and have determined that they were correctly calculated according to the governing provisions of the contract.  We have also reviewed the affidavit of attorney fees submitted to the trial court and agree that such fees were reasonable and warranted by existing law.  See 
EDN Real Estate Corp. v. Marquette National Bank
, 263 Ill. App. 3d 161, 167 (1994).  Accordingly, we decline the defendants' request to disturb these awards.

The defendants' next contention on appeal is that the trial court erred in denying their motion for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137).  The defendants argue that they were entitled to sanctions after the plaintiff began to garnish defendant Leo Rasberry's wages while the defendants' motion for reconsideration of the final judgment order was still pending.  The defendants argue that their timely filed postjudgment motion stayed the enforcement of the judgment and that the garnishment proceedings were premature.  See 735 ILCS 5/2--1203 (West 2000).

The trial court's decision whether to impose sanctions will not be disturbed absent an abuse of discretion.  
Kennedy v. Miller
, 221 Ill. App. 3d 513, 525 (1991).  We are hindered in our review of this issue by an incomplete record.  The transcript from the hearing on the defendants' motion for sanctions does not appear in the record.  As the appellants, the defendants have the burden to present a sufficiently complete record of the proceedings in the lower court to support any claim of error.  
EDN Real Estate
, 263 Ill. App. 3d at 167.  In the absence of such a record, the reviewing court must presume that the trial court's order was in conformity with the law and had a sufficient factual basis.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92 (1984).

Based upon the minimal record before us, we cannot say that the trial court abused its discretion by denying the defendants' request for sanctions.  Although it does appear that the plaintiff filed and served a wage deduction notice prior to the hearing on the defendants' postjudgment motion, the lack of a supporting record makes it impossible for us to assess the plaintiff's motive, intent, or purpose in taking such action.  Accordingly, we must assume that the trial court's determination that such conduct was not sanctionable was supported by facts introduced at the hearing and in accordance with the law.  
Foutch
, 99 Ill. 2d at 392.

As their final argument on appeal, the defendants assert that the trial court erred in setting a $70,000 appeal bond.  However, this court has already considered this precise issue in ruling upon the defendants' motion for reduction of bond.  On April 12, 2001, this court allowed the motion in part and reduced the defendants' bond to $52,500.  We will not visit this issue once again.

Finally, after considering the merits of the defendants' arguments on appeal, it is our belief that the appeal was frivolous and not taken in good faith in violation of Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)).  Although the plaintiff has not requested the entry of sanctions, we have the inherent jurisdiction to impose sanctions under Rule 375(b).  
First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago
, 237 Ill. App. 3d 340, 344 (1992).  The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us.  
First Federal
, 237 Ill. App. 3d at 344.  Specifically, Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if "it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such  purpose."  155 Ill. 2d R. 375(b).

Where the court initiates the sanction, the court must require the party or attorney or both the opportunity to show cause why such a sanction should not be imposed.  155 Ill. 2d R. 375(b).  We believe that, in the absence of such a showing, this appeal warrants sanctions.  As detailed above, all of the defendants' arguments were either without foundation or unsupported by the necessary record.  Based upon our review, we believe that the defendants have filed the appeal in an attempt to delay the proceedings and to harass the plaintiff.

We therefore direct the defendants to file, within 14 days, a brief or memorandum with this court showing why we should not impose sanctions or attorney fees under Rule 375(b).  Should we thereafter decide that this appeal warrants sanctions, we shall order, in due course, the plaintiff to file a statement of reasonable expenses and attorney fees incurred in defending the appeal.  See 
First Federal
, 237 Ill. App. 3d at 344.  The defendants shall then be accorded an opportunity to respond.  This court will then file an order determining the amount of the sanction to be imposed upon the defendants.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed and a rule to show cause issued.

Affirmed; rule to show cause issued.

McLAREN and BYRNE, JJ., concur.