2021 IL App (2d) 200134-U
No. 2-20-0134
Order filed January 19, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BLACK REEF TRUST, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-LM-1391 |
| | ) | |
| LEAH J. STARKMAN, JAMES GADDINI, | ) | |
| LORA STARKMAN, UNKNOWN | ) | |
| OCCUPANTS, | ) | Honorable |
| | ) | Michael B. Betar, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court properly granted plaintiff summary judgment on its eviction complaint because defendants did not have a *bona fide* lease at the foreclosed property.

¶ 2    The defendants, Leah Starkman (Leah), James Gaddini, and Lora Starkman, appeal from the order of the circuit court of Lake County granting the plaintiff, Black Reef Trust, summary judgment on its eviction complaint. We affirm and issue a rule to show cause due to the defendants having filed a frivolous appeal.

¶ 3    On July 24, 2019, the plaintiff filed an eviction complaint against the defendants pursuant to section 102(a)(2) of the Illinois Eviction Act (Eviction Act) (735 ILCS 5/9-102(a)(2) (West 2018)), seeking possession of the foreclosed Highland Park home in which the defendants lived.

¶ 4    On September 9, 2019, the defendants filed a motion to dismiss the plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2018)), alleging that the plaintiff could not evict them because they were *bona fide* tenants and that the plaintiff had failed to provide them with the 90-day written notice prior to seeking possession of the foreclosed property.  See 735 ILCS 5/9-207.5(a) (West 2018).  In support of their motion, both Leah and Gaddini filed affidavits.  In their affidavits, Leah and Gaddini indicated that they had entered a 10-year oral lease with the property owners, Leah's parents, on or about April 1, 2013.  On October 16, 2019, the trial court denied the defendants' motion to dismiss.

¶ 5    On October 29, 2019, the plaintiff filed a motion for summary judgment on its eviction complaint.  In response, the defendants argued that summary judgment was inappropriate because, as *bona fide* tenants, they had not received the statutory notice to be evicted from a foreclosed property as required by both the Protecting Tenants at Foreclosure Act (PTFA) (12 U.S.C. § 5220 Note) and section 9-2075(a) of the Eviction Act (735 ILCS 5/9-207.5(a) (West 2018)).  On January 15, 2020, the trial court granted the plaintiff summary judgment, finding that the oral lease that the defendants had entered into was not a *bona fide* lease under the statute because it lasted more than one year.  On February 11, 2020, the defendants filed a timely notice of appeal.

¶ 6    On appeal, the defendants argue that the summary judgment was inappropriate because material facts exist as to whether they were *bona fide* tenants under both the PTFA and the Eviction Act.  They therefore insist that they could not be evicted without receiving 90 days' notice and before their lease had expired.

¶ 7    Summary judgment is appropriate where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003).  When reviewing a trial court's award or denial of summary judgment, we must construe the pleadings, depositions, admissions, exhibits, and affidavits strictly against the moving party and liberally in favor of the non-moving party.  *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989).  The standard of review for the entry of summary judgment is *de novo*.  *Clausen v. Carroll*, 291 Ill. App. 3d 530, 536 (1997).  Based on this standard of review, although we will consider the reasons the trial court gave in entering summary judgment, we need not give the trial court's rationale any deference.  See *Kubicheck v. Traina*, 2013 IL App (3d) 110157, ¶ 28, n.3, ("we review the trial court's judgment, not its rationale, and we may affirm on any basis that the record supports").

¶ 8    The defendants' arguments are premised on the assertion that they had leased the Highland Park home prior to the plaintiff obtaining that property via foreclosure proceedings.  Pursuant to section 15-1701(e) of the Mortgage Foreclosure Act (735 ILCS 5/15-1701(e) (West 2018)), a final order in a foreclosure case does not terminate a lease held on the mortgaged property unless the lessee was made a party to the foreclosure proceedings.  *Fifth Third Mortgage Co. v. Foster*, 2013 IL App (1st) 121361, ¶ 11.  Otherwise, a purchaser at a judicial sale may not terminate "a *bona fide* lease of a dwelling unit in residential real estate in foreclosure" except pursuant to the Eviction Act.  735 ILCS 5/15-1701(i) (West 2018).

¶ 9    Section 9-207.5(a) of the Eviction Act provides that a party who receives a property via foreclosure may only evict a tenant "(i) at the end of the term of the *bona fide* lease, by no less

than 90 days' written notice or (ii) in the case of a *bona fide* lease that is for a month-to-month or week-to-week term, by no less than 90 days' written notice." 735 ILCS 5/9-207.5(a) (West 2018).

¶ 10     Section 15-1224 of the Mortgage Foreclosure Act explains what a *bona fide* lease is:

"(a)  For purposes of section 9-207.5 ***, the term "*bona fide* lease" means a lease of a dwelling unit in residential real estate foreclosure for which:

(1) the mortgagor or the child, spouse, or parent of the mortgagor is not the tenant;

(2) the lease was the result of an arms-length transaction;

(3) the lease requires the receipt of rent that is not substantially less than fair market rent for the property or the rent is reduced or subsidized pursuant to a federal, State, or local subsidy; and

(4) either (i) the lease was entered into or renewed on or before the date of the filling of the *lis pendens* on the residential real estate in foreclosure pursuant to Section 2-1901 of this Code or (ii) the lease was entered into or renewed after the date of the filing of the *lis pendens* on the residential real estate in foreclosure and before the date of the judicial sale of the residential real estate in foreclosure, *and the term of the lease is for one year or less*. (Emphasis added).

***

(c)  An oral lease entered into at any time before the date of the judicial sale of the residential real estate in foreclosure that otherwise meets the requirements of subsection (a) of this Section shall be deemed to be a *bona fide* lease for a month-to-month term, unless the lessee proves by a preponderance of evidence that the oral lease is for a longer term. *In no event shall an oral lease be deemed to be a bona fide lease for a term of more than one year*." (Emphasis added). 735 ILCS 5/15-1224 (West 2018).

¶ 11    Here, the purported lease was for 10 years.  As it was longer than one year, it violated sections 15-1124(a)(4) and (c) of the Mortgage Foreclosure Act.  As such, the defendants did not have a *bona fide* lease.  They therefore were neither entitled to receive 90 days' notice prior to being evicted from the property nor were they entitled to remain at the property until their purported lease expired in 2023.

¶ 12    Our holding on this point—that defendants failed to raise a genuine question of fact as to whether they had a *bona fide* lease—also disposes of their reliance on a federal statute, the PTFA.  That federal law only applies to *bona fide* tenants with *bona fide* leases.  *See* 12 U.S.C. § 5220 Note.  Accordingly, the trial court properly entered summary judgment on the plaintiff's behalf.

¶ 13    In so ruling, we note that our decision is based on the same reasons the trial court set forth in granting the plaintiff summary judgment.  However, the defendants do not even acknowledge the basis for the trial court's ruling in their briefs.  Rather, they only argue that material questions of fact still exist as to whether their lease complied with sections 15-1124(a)(1) to (a)(3) of the Mortgage Foreclosure Act.  The defendants' brief omits any reference to section 15-1124(a)(4) or section 15-1124(c) of the Mortgage Foreclosure Act.  We do not believe that this omission is accidental.

¶ 14    Although the plaintiff has not requested the entry of sanctions, we have the inherent jurisdiction to impose sanctions under Rule 375(b) (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)). *First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago*, 237 Ill. App. 3d 340, 344, (1992).  The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us. *Sterling Homes, Ltd. v. Rasberry*, 325 Ill. App. 3d 703, 709-10 (2001).  Specifically, Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if "it is determined that the appeal or other action itself is

frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 15     Where the court initiates the sanction, the court must require the party or attorney or both the opportunity to show cause why such a sanction should not be imposed. *Id.* We believe that, in the absence of such a showing, this appeal warrants sanctions. The defendants' failure to acknowledge the basis for the trial court's decision and the relevance of 15-1124(a)(4) and (c) of the Mortgage Foreclosure Act to this case leads us to the conclusion that the defendants have filed the appeal in an attempt to delay the proceedings and to harass the plaintiff.

¶ 16     We therefore direct the defendants to file, within 14 days, a brief or memorandum with this court showing why we should not impose sanctions, including attorney fees, under Rule 375(b). If we thereafter decide that this appeal warrants sanctions, we will order, in due course, the plaintiff to file a statement of reasonable expenses and attorney fees incurred in defending the appeal. See *First Federal*, 237 Ill. App. 3d at 344. The defendants will then be accorded an opportunity to respond. This court will then file an order determining the amount of the sanction to be imposed upon the defendants.

¶ 17     For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed, and a rule to show cause is issued.

¶ 18     Affirmed; rule to show cause issued.