2025 IL App (2d) 250148-U
No. 2-25-0148
Order filed December 31, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RIGOBERTO T. MACIAS OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22-SC-3174 |
| CURT HARALSON, TIGER EYE 21st HOMES, LLC SKYLINE REAL ESTATE & PROPERTY MANAGEMENT, LLC, | ) ) ) ) | |
| Defendants, | ) ) | |
| (Curt Haralson and Tiger Eye 21st Homes, LLC, Defendants-Appellees). | ) ) ) | Honorable Susan Clancy Boles, Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting defendants' motion for summary judgment on two counts of plaintiff's complaint that were time barred; trial court did not abuse its discretion in imposing sanctions on plaintiff's attorney pursuant to Illinois Supreme Court Rule 137.

¶ 1    After plaintiff, Rigoberto Macias, acknowledged that he suffered certain injuries more than two years before he filed his complaint, defendants, Curt Haralson and Tiger Eye 21st Homes,

filed a motion for summary judgment as to two of the counts in plaintiff's complaint. Defendants also filed a motion for sanctions against plaintiff's attorney regarding those counts for not being well-grounded in fact. The circuit court of Kane County granted defendants' motion for summary judgment and their motion for sanctions. Plaintiff appeals. We affirm and issue a rule to show cause due to plaintiff and his attorney having filed a frivolous appeal.

¶ 2

¶ 3                                     I. BACKGROUND

¶ 4     On September 9, 2022, plaintiff, *pro se*, filed a complaint against defendants for damages he sustained from a spider bite while in his apartment in Elgin that he rented from defendants. Plaintiff subsequently retained counsel. On August 8, 2023, his attorney ultimately filed a third amended complaint which added defendant Skyline Real Estate & Property Management, LLC, and a separate slip-and-fall claim unrelated to the original spider bite claim. As relevant to this appeal, counts I and III of plaintiff's complaint alleged that on September 9, 2020, he was bitten by two spiders and suffered injuries requiring hospitalization.

¶ 5     On November 1, 2023, defendants filed their answer and affirmative defense asserting that plaintiff's claims were barred by the statute of limitations.

¶ 6     On February 13, 2024, defendants subpoenaed plaintiff's hospital records from Advocate Sherman Hospital regarding the injuries plaintiff allegedly suffered. Those records indicate that plaintiff received treatment related to the claimed spider bite on September 5, 2020. On July 29, 2024, plaintiff acknowledged in his response to defendants' request to admit that he had received treatment for the claimed spider bite on September 5, 2020.

¶ 7     On July 30, 2024, during his deposition, plaintiff stated that he was bitten by one spider on September 4, 2020, and sought treatment the next day.

¶ 8    On September 24, 2024, and December 16, 2024, defendants e-mailed plaintiff's counsel and requested her to voluntarily dismiss the counts regarding the alleged spider bite because they were time barred.  Defendants indicated that if plaintiff did not comply with that request, they would file a motion for summary judgment on those counts and request sanctions.

¶ 9    On December 19, 2024, defendants filed a motion for summary judgment and requested sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan 1, 2018).  They argued that plaintiff's claims regarding the spider bite were time-barred.  They further argued that sanctions were warranted because plaintiff's attorney's insistence in maintaining the action indicated she had not made a reasonable inquiry as to whether the action was legally proper.

¶ 10    On March 6, 2025, the trial court granted defendants' motion for summary judgment as to counts I and III and granted Rule 137 sanctions against plaintiff's counsel.  The trial court found that counts I and III of plaintiff's complaint were barred by the statute of limitations because, based on plaintiff's own testimony and accompanying medical records, there was no genuine issue of fact that plaintiff's spider bite injury occurred on September 4, 2020, and not on September 9, 2020, as alleged in the complaint.  The trial court further found that plaintiff and his attorney knew at least by July 29, 2024, when the spider bite had occurred.  Thus, plaintiff's attorney had acquired knowledge that the counts in the complaint alleging plaintiff had been injured on September 9, 2020, was not well-grounded in fact.  The trial court then further stated:

"Despite the courtesy of Plaintiff's attorney receiving Defendants' motion for summary judgment for review prior to its filing, Plaintiff continued to pursue these time barred claims.  Therefore, the Court finds sanctions are appropriate against Plaintiff and his attorney in this matter.  The sanctionable conduct is limited to reasonable expenses and

attorneys' fees incurred by Defendants related to the pending motion for summary judgment."

¶ 11 The trial court then ordered defendants to file a petition for attorney fees and expenses related to the pending motion for summary judgment. The trial court further ordered that, pursuant to Illinois Supreme Court Rule 304(a) (eff. March 8, 2016), there was no just reason to delay enforcement of or appeal from this order.

¶ 12 Plaintiff thereafter filed a timely notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, plaintiff argues the trial court erred in granting defendants' motion for summary judgment on counts I and III of his complaint. He further argues that the trial court erred in imposing Rule 137 sanctions against him and his counsel.

¶ 15 Summary judgment is appropriate where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003). When reviewing a trial court's award or denial of summary judgment, we must construe the pleadings, depositions, admissions, exhibits, and affidavits strictly against the moving party and liberally in favor of the non-moving party. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). If only one conclusion can be drawn from the undisputed facts, then the timeliness of the plaintiff's complaint becomes a question of law for the trial court to determine. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 358-59 (1995).

¶ 16 Actions for personal injury and premises liability must commence within two years after the cause of action accrued. 735 ILCS 5/13-202 (West 2020). As a general rule, a cause of action for personal injuries accrues when a plaintiff suffers an injury. *Golla*, 167 Ill. 2d at 360. The

limitations period is generally not tolled because plaintiff was unaware of the existence of an injury. *Id.*

¶ 17    Here, plaintiff acknowledged in his deposition that he was bitten by a spider on September 4, 2020. He testified in his deposition as well as his request to admit that he sought medical treatment for that spider bite on September 5, 2020. This testimony was corroborated by plaintiff's medical records. As such, to comply with the statute of limitations, plaintiff had to file his action by September 4, 2022. As he did not file his complaint until September 9, 2022, his action was untimely and, thus, the trial court properly entered summary judgment in defendant's favor on counts I and III of the plaintiff's complaint which was premised on the September 4, 2020, spider bite. See *id.*

¶ 18    In so ruling, we reject the litany of reasons plaintiff gives as to why the trial court's ruling should be reversed. First, plaintiff argues that the trial court erred in entering its summary judgment order before discovery had been completed. However, plaintiff provides no explanation as to how additional discovery would have altered his key admission in this case; that being, he suffered his injury more than two years before he filed his complaint.

¶ 19    Second, plaintiff insists that the trial court should not have granted defendants' motion for summary judgment because defendants did not support their motion with an affidavit as required by Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013). Nothing in Rule 191 states that a motion for summary judgment must be supported with affidavits. To the contrary, "a defendant may move with *or without* supporting affidavits for a summary judgment in his or her favor for all or any part of the relief sought." (Emphasis added.) 735 ILCS 5/2-1005(b) (West 2024). The absence of affidavits from defendants' summary judgment motion is not a sufficient basis, by itself, to defeat that motion.

¶ 20    Third, plaintiff argues that the trial court erred in not applying the doctrine of legal disability to toll the statute of limitations.  When plaintiff has a legal disability, the statute of limitations is tolled until the plaintiff is no longer disabled.  *Parks v. Kownacki*, 193 Ill. 2d 164, 178 (2000); 735 ILCS 5/13-211 (West 2024).  If a legal disability is alleged, the record must contain sufficient allegations of fact from which one could conclude the plaintiff was incompetent or suffered from a serious mental disorder which made him or her entirely without understanding or capacity to make or communicate decisions regarding their person and unable to manage their estate or financial affairs.  *In re Doe*, 301 Ill. App. 3d 123, 127 (1998).  In a personal injury case, a plaintiff is not legally disabled if he or she can comprehend the nature of the injury and its implications.  *Id.*

¶ 21    In response to defendant's motion for summary judgment, plaintiff submitted his affidavit which stated:

> "I was hospitalized for several days and was released on September 9, 2020.  During my hospitalization, I was incapacitated and unable to manage my personal affairs due to my medical condition from the spider bite."

¶ 22    Plaintiff's affidavit  is insufficient to establish that he was under legal disability after being bitten by a spider.  *Udstuen v. Patterson*, 198 Ill. App. 3d 67, 68-69 (1990) (affidavit standing alone was insufficient to establish a legal disability).  Even if it were, plaintiff's affidavit sets forth a legal conclusion—that he was incapacitated and unable to manage his personal affairs—and not a sufficient factual basis to support that conclusion.  See *Robidoux v. Oliphant*, 201 Ill. 2d 324, 343 (2002) (affidavits in summary judgment proceedings must consist not of conclusions but of facts admissible in evidence).  Further, the record does not indicate that plaintiff was suffering from a serious mental disorder following the spider bite.  Plaintiff was bitten by the spider on

September 4, but he did not seek treatment until September 5. While being treated at the hospital, his medical records indicate that he was "alert and oriented to person, place, time, and situation, [and] no focal neurological deficit [was] observed." As such, the trial court did not err in determining that plaintiff's alleged legal disability did not toll the statute of limitations.

¶ 23 Plaintiff's fourth basis for challenging the trial court's ruling is that the trial court erred in not tolling the statute of limitations based on the continuing tort doctrine. The plaintiff insists that "Defendant's long-standing failure to address infestations and maintain the premises in a habitable condition caused a prolonged and cumulative negative impact" on plaintiff's health and safety. Further, the plaintiff maintains there remained a possibility of new spider bites until he moved out in April or May of 2022.

¶ 24 Under the "continuing tort" or "continuing violation" rule, "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 345, (2002). A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278 (2003). Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. *Id.* at 279.

¶ 25 Here, there is a single overt act at issue—the September 4, 2020, spider bite. Although plaintiff suggests that he was at risk of being bitten by a spider again until he moved out of his residence, counts I and III of his complaint do not allege that he ever again experienced such

misfortune with an arachnid. Thus, the continuing tort doctrine does not apply to the facts of this case. See *id.*

¶ 26    Plaintiff's fifth challenge to the trial court's ruling is that it usurped the jury's role in assessing factual disputes. Specifically, plaintiff points out that, on January 9, 2024, the trial court granted defendant Haralson's jury demand. By granting the jury demand, plaintiff asserts this meant that the trial court recognized that there were factual disputes and credibility determinations that should be decided by the jury. The trial court then subsequently "overstepped its authority" by entering summary judgment in defendants' favor, which was "in direct conflict with its earlier order acknowledging the necessity of a jury trial."

¶ 27    Plaintiff cites no authority for this novel proposition. Section 1105(a) of the Code of Civil Procedure provides that "[a] defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer. Otherwise, the party waives a jury." 735 ILCS 5/2-1105(a) (West 2024). Nothing in that section makes a jury demand conditional upon defendant acknowledging that there are factual issues in dispute that cannot be resolved before trial or upon the trial court making such a finding.

¶ 28    Turning to plaintiff's argument that the trial court erred in ordering sanctions, we note that Illinois Supreme Court Rule 137 places an affirmative duty on litigants and attorneys "to make a reasonable inquiry into the facts to support a legal claim before pleadings are filed." *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL app (2d) 220072, ¶ 54. The decision to impose sanctions for violations of this rule is within the trial court's sound discretion and the court must use an objective standard to determine if the inquiry was reasonable based on the circumstances existing at the time of the alleged violation. *Schinkel v. Board of Fire & Police Comm'n*, 262 Ill. App. 3d 310, 323 (1994).

¶ 29    Here, the issue was when plaintiff was injured.  Based on plaintiff's admission as to when he was bitten by the spider, his attorney's inquiry should have been pretty simple—it happened more than 2 years before plaintiff filed his complaint.  Thus, plaintiff's complaint was time-barred. Based on this information, plaintiff's attorney's insistence on maintaining counts that were based on time-barred allegations was not reasonable.  Further, we note that opposing counsel advised plaintiff's attorney that the counts at issue were not viable and gave her the opportunity to withdraw those counts before they sought sanctions.  Despite that warning, plaintiff persisted in proceeding with those time-barred allegations.  As such, we cannot say the trial court abused its discretion in imposing sanctions.

¶ 30    In so ruling, we note that plaintiff's attorney insists that a "mere disagreement over legal theories or interpretations, in the absence of malicious intent or bad faith, does not justify punitive sanctions."  She asserts that "Rule 137 ensures that courts evaluate sanctions through the lens of fairness and intent rather than penalizing parties for asserting genuinely arguable claims."  She further maintains that Rule 137 "does not punish mere mistakes or good-faith errors in judgment."

¶ 31    Despite plaintiff's attorney's insistence to the contrary, this case does not involve a "mere disagreement over legal theories or interpretations."  Rather, it involves the undisputed fact that plaintiff's injury occurred more than two years before he filed his complaint, which makes his action time barred.  As such, plaintiff's attorney's assertion that the complaint was making "genuinely arguable claims" and was made in good faith is without merit.

¶ 32    Although defendants have not requested the entry of sanctions, we have the inherent jurisdiction to impose sanctions under Rule 375(b) (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)).  *First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago*, 237 Ill. App. 3d 340, 344, (1992).  The purpose of Rule 375(b) is to condemn and punish the abusive conduct of

litigants and their attorneys who appear before us. *Sterling Homes, Ltd. v. Rasberry*, 325 Ill. App. 3d 703, 709-10 (2001). Specifically, Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if "it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 33     Where the court initiates the sanction, the court must require the party or attorney or both the opportunity to show cause why such a sanction should not be imposed. *Id*. We believe that, in the absence of such a showing, this appeal warrants sanctions. As noted above, the issue in this case was quite simple: when was the plaintiff injured? In trying to get this court to overlook the fact that plaintiff's action is time-barred because he did not timely file his complaint, plaintiff's attorney has raised numerous frivolous issues that have wasted limited judicial resources.

¶ 34     We therefore direct plaintiff and his attorney to file, within 14 days, a brief or memorandum with this court showing why we should not impose sanctions, including attorney fees, under Rule 375(b). If we thereafter decide that this appeal warrants sanctions, we will order, in due course, defendants to file a statement of reasonable expenses and attorney fees incurred in defending the appeal. See *First Federal*, 237 Ill. App. 3d at 344. Plaintiff and his attorney will then be accorded an opportunity to respond. This court will then file an order determining the amount of the sanction to be imposed upon plaintiff and his attorney.

¶ 35                              III. CONCLUSION

¶ 36     For the reasons stated, we affirm the judgment of the circuit court of Kane County, and a rule to show cause is issued.

¶ 37     Affirmed; rule to show cause issued.