2025 IL App (1st) 241927-U

No. 1-24-1927

Order filed March 26, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MRAUNAC & ASSOCIATES LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 121524 |
| | ) | |
| RAMIN GHAYOORI, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal is dismissed for lack of jurisdiction over nonfinal orders, forfeiture of appealable issues, and failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Plaintiff's motion for sanctions is granted.

¶ 2    In a breach of contract claim, plaintiff Mraunac & Associates LLC sued defendant Ramin Ghayoori for his alleged nonpayment of legal services rendered. Defendant brought several motions attacking the complaint, including two motions that sought injunctive relief. The circuit court denied all of defendant's motions.

¶ 3    On appeal, defendant argues that he was denied due process based on (1) plaintiff exceeding the scope of its engagement, (2) plaintiff misrepresenting that defendant personally retained plaintiff, (3) plaintiff's improper service of process, (4) judicial procedural irregularities, (5) lack of personal jurisdiction, (6) plaintiff's ethical violations, and (7) judicial bias and procedural unfairness.

¶ 4    For the reasons that follow, we dismiss this appeal for lack of jurisdiction over nonfinal orders, forfeiture of reviewable issues, and failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).[1] Regarding the motions taken with the case, we grant plaintiff's motion for sanctions, grant defendant's motion to file exhibits in support of his motion for sanctions, and deny defendant's motion for sanctions.

¶ 5                                I. BACKGROUND

¶ 6    After plaintiff sued defendant for his alleged failure to pay for legal services, defendant filed six motions. Specifically, he moved the circuit court to (1) quash service of process and dismiss for lack of personal jurisdiction, (2) issue a cease and desist order to stop plaintiff from harassing and intimidating him with e-mails, trespassing on his property, and violating legal procedures regarding the service of the summons and complaint, (3) grant injunctive relief by prohibiting plaintiff from harassing and intimidating him with e-mails, trespassing on his property, and violating legal procedures regarding the service of the summons and complaint, (4) reconsider the court's April 2024 order that allowed plaintiff to serve defendant by e-mail, text message, first class mail, and posting on the front door of his residence, (5) dismiss the complaint for lack of

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

personal jurisdiction and improper party, and (6) quash service of process and dismiss for lack of personal jurisdiction.

¶ 7    After hearing oral argument, the circuit court, on September 25, 2024, denied all of defendant's motions and set the matter for trial on October 9, 2024. The record does not contain a transcript or bystander's report of the September 25, 2024, hearing.[2] Defendant appealed from the court's September 25, 2024, order. Defendant also moved the court to stay the proceedings pending his appeal, and the court denied that motion.

¶ 8                                    II. ANALYSIS

¶ 9    Appeals from final judgments are permitted to parties as a matter of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). In determining whether an order is a final order, courts consider whether the order "terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate part thereof." *In re Alexis H.*, 335 Ill. App. 3d 1009, 1012 (2002).   A "final judgment" is one that "fixes absolutely the rights of the parties" such that "the only thing remaining is to proceed with the execution of the judgment." *Id.*

¶ 10   The circuit court's September 2024 order denying defendant's six motions and setting the case for trial is an interlocutory order, not a final one. Therefore, the only portion of the September

---

[2]Defendant, as the appellant, has the burden of presenting a sufficiently complete record of the trial court proceedings to support a claim of error, and, in the absence of such a record on appeal, the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If there is no direct transcript of the proceedings, the appellant may prepare a bystander's report summarizing the events that occurred, but such report may not be included in the record unless it is certified by the court or unless the parties stipulate to it. Ill. S. Ct. R. 323(c), (d) (eff. Dec. 13, 2005). This court will resolve any doubts arising from the incompleteness of the record against the appellant. *Foutch*, 99 Ill. 2d at 392.

2024 order that could be subject to this court's jurisdiction, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), is the denials of defendant's requests for injunctive relief.

¶ 11 Defendant's opening brief, however, does not include any argument on appeal concerning or even mentioning the denials of his motions for injunctive relief. Consequently, he has forfeited review of the only issues subject to this court's jurisdiction. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued on appeal are forfeited); *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010) ("this court has repeatedly held that the failure to argue a point in the appellant's opening brief results in forfeiture of the issue"). "Forfeiture applies with particular force to an appellant because, while we may affirm a judgment on any basis in the record, even if not argued on appeal, we may not reverse on any basis in the record; the issue must be raised and argued to us." *Tuna v. Wisner*, 2023 IL App (1st) 211327, ¶ 54 (citing *People ex rel. Department of Human Rights v. Oakridge Healthcare Center, LLC*, 2020 IL 124753, ¶ 36). Furthermore, defendant's status as a *pro se* litigant does not entitle him to more lenient treatment than an attorney would receive. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 (Illinois courts strictly adhere to the principle that *pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as required of attorneys). Defendant's forfeiture of the injunctive relief issues results in there being no valid basis for his appeal, which results in its dismissal.

¶ 12 In addition, another basis exists to support dismissal of defendant's appeal. His opening brief fails to comply with the standards of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) in several respects. The brief lacks an appendix (Ill. S. Ct. R. 341(b); R. 342 (eff. Oct. 1, 2019)); lacks a cover (Ill. S. Ct. R. 341(d)); lacks a table of contents (Ill. S. Ct. R. 341(h)(1)); lacks an

introductory paragraph stating the nature of the action, the judgment appealed from, and whether any question is raised on the pleadings (Ill. S. Ct. R. 341(h)(2)); does not articulate the issues presented for review (Ill. S. Ct. R. 341(h)(3)); lacks a jurisdictional statement (Ill. S. Ct. R. 341(h)(4)); fails to include citations to the record on appeal (Ill. S. Ct. R. 341(h)(6)); and does not cite relevant authorities in support of any appealable issue (Ill. S. Ct. R. 341(h)(7)). Furthermore, defendant's arguments consist of unsupported conclusory assertions that lack coherency and analysis. "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospital LLC*, 2012 IL App (2d) 111151, ¶ 7 (1991). "A brief that lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken." *Id.*

¶ 13    As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the burden of argument and research may be dumped." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80. "A *pro se* litigant is held to the same standards as a litigant represented by an attorney." *Williams v. Department of Human Services Division of Rehabilitation Services*, 2019 IL App (1st) 181517, ¶ 30. "Arguments that do not comply with Rule 341(h) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. We exercise our discretion to also dismiss defendant's appeal on the grounds that it does not comply with Rule 341(h).

¶ 14    Next, we address plaintiff's motion for Rule 375(b) sanctions against defendant for filing a frivolous appeal. We ordered that this motion would be taken with the case.

¶ 15 A reviewing court may impose sanctions against a party for an appeal or other action that is either frivolous or taken for an improper purpose. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal is frivolous when (1) it is not reasonably well-grounded in fact, (2) not warranted by existing law, (3) is not a good-faith argument for the extension, modification, or reversal of existing law, or (4) a reasonable attorney would not have brought the appeal. *Goldberg v. Michael*, 328 Ill. App. 3d 593, 600 (2002). An appeal is for an improper purpose when the primary purpose of the appeal is to delay, harass, or cause needless expense. *Id.* at 600-01. Rule 375(b) sanctions are penal in nature and should only be applied to cases falling strictly within the language of the rule. *Belfour v. Schaumburg Auto*, 306 Ill. App. 3d 234, 244 (1999). "Although this court is especially solicitous of self-represented parties who do not display punctilious compliance with our rules, we will order sanctions against *pro se* litigants under sufficiently egregious circumstances." *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 62. "The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." *Id.*

¶ 16 Plaintiff argues that a reasonable, prudent attorney would never have filed this appeal, which arose from a nonfinal circuit court order, wholly lacks merit, fails to follow Supreme Court Rules, and was initiated solely to improperly delay the circuit court proceeding. Plaintiff argues that defendant is an intelligent and highly educated *pro se* litigant, noting that he is a licensed physician and board-certified obstetrician and gynecologist. Plaintiff adds that it gave defendant a reasonable opportunity to reconsider his decision to pursue this appeal after he filed the notice of appeal. Specifically, on September 26, 2024, the day after defendant filed his notice of appeal, plaintiff sent him by e-mail a letter warning of the potential ramifications of filing a frivolous appeal, including an award of attorney fees in plaintiff's favor for defending against defendant's

appeal. Instead of reflecting on his decision or consulting counsel, defendant filed two additional motions—a motion to stay the proceedings pending appeal and a repetitive motion to address plaintiff's alleged improper use of privileged information—which the circuit court denied.

¶ 17    In his response to plaintiff's motion for sanctions, defendant argues that his appeal raises legitimate questions, arguments, and concerns regarding the court's lack of personal jurisdiction, improper service of process, ethical violations, and judicial bias. Not lost on this court is defendant's failure to address in his response to plaintiff's motion for sanctions plaintiff's correct assertions that this court lacks jurisdiction to review the issues plaintiff argued in his opening brief.

¶ 18    In his notice of appeal, defendant identified the basis for appellate jurisdiction as merely "Rule 307" without citation to any subsection, and his opening brief did not list any jurisdictional basis. As discussed above, the only basis under Rule 307 that could satisfy this court's jurisdictional requirement is subsection (a)(1), which provides for interlocutory appeals as of right from an interlocutory order of the court refusing an injunction. However, defendant made no argument in his opening brief regarding the denial of his requests for injunctive relief. Defendant's appeal is falsely premised on an interlocutory appeal as of right, but the proper procedure would have been to ask for permission under Illinois Supreme Court Rule 306 (eff. Oct. 1, 2020) to appeal at least one of the interlocutory rulings—denial of his motion to quash service of process—which he argued in his opening brief.

¶ 19    The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us. *Sterling Homes, Ltd. v. Rasberry*, 325 Ill. App. 3d 703, 709 (2001). Defendant's failure to refute plaintiff's points merely underscores the frivolity of this entire appeal. Like the court in *Parkway Bank & Trust Co. v. Korzen*, "[w]e choose to impose sanctions

for this conduct, finding that cases like this drain valuable resources intended to benefit those who accept the social contract of living under a law-based system of government." 2013 IL App (1st) 130380, ¶ 88.

¶ 20    We agree with plaintiff that sanctions should be imposed against defendant for filing a frivolous appeal. Since plaintiff has not yet done so, we direct plaintiff to file within 14 days a statement of reasonable costs and attorney fees incurred as a result of this appeal. Defendant shall have seven days to file a response. This court will then file a supplemental order determining the amount of the sanction, which will be imposed upon defendant.

¶ 21    Finally, we address defendant's motion for Rule 375 sanctions against plaintiff for alleged "gross misconduct and abusive legal practices to obtain an unjust enrichment," and defendant's motion to file exhibits in support of his motion for sanctions. We ordered these motions taken with the case. An appropriate sanction may be imposed upon any party if the manner of prosecuting or defending the appeal is for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 22    Defendant argues that sanctions are appropriate to address and rectify plaintiff's alleged misconduct that violated ethical and procedural rules. Specifically, defendant alleges that plaintiff failed to perform the contracted legal services; issued a billing statement demanding nearly double the agreed upon fee; initiated this baseless litigation against defendant in Illinois despite defendant's residence and employment being in California; violated defendant's privacy by inappropriately exposing defendant's wife's photographs and social media profiles in public and judicial settings; disclosed protected and privileged insurance information that plaintiff obtained from its representation of defendant; and publicly maligned defendant's professional standing as

a doctor to damage his reputation and trust with his patients. In addition to an award of attorney fees and costs, defendant asks this court to impose severe monetary penalties on plaintiff; compensate defendant for the financial and emotional distress caused by plaintiff's actions; prohibit plaintiff from misusing confidential information and engaging in conduct that negatively impacts defendant's professional and personal standing; award damages due to plaintiff's defamation and unwarranted public shaming of defendant; and compensate defendant for the time he had to divert from his medical practice to address plaintiff's misconduct.

¶ 23    Defendant's exhibits in support of his motion for sanctions include the first page of his homeowner's insurance policy (which plaintiff filed in the circuit court to refute defendant's claim that he did not personally retain plaintiff concerning defendant's claim for water damage to his Chicago penthouse condominium); correspondence from plaintiff regarding service of process on defendant, including a photograph of a posting on the door of defendant's residence; a copy of the Medical Board of California's licensing detail report for defendant, and plaintiff's September 26, 2024, letter to defendant (which were exhibits to plaintiff's motion for Rule 375 sanctions); the parties' contract and plaintiff's invoice to defendant for $1,499.58; screen shots of social media profiles and a photograph from Facebook of defendant and his wife (which plaintiff filed in the circuit court to refute defendant's claim that the woman identified by the process server was not defendant's wife).

¶ 24    We grant defendant's motion to file the exhibits in support of his motion for sanctions. However, we deny his motion for sanctions because the record on appeal and even the exhibits defendant submitted in support of his motion for sanctions refute his conclusory allegations that

plaintiff engaged in misconduct and his defense of plaintiff's appeal was frivolous, not taken in good faith, or done for an improper purpose.

¶ 25                           III. CONCLUSION

¶ 26    For the foregoing reasons, we dismiss this appeal due to lack of jurisdiction over nonfinal orders, defendant's forfeiture of the issues concerning the interlocutory injunction orders, and defendant's failure to comply with Rule 341(h). Furthermore, we grant plaintiff's motion for sanctions, grant defendant's motion to file exhibits to his motion for sanctions, and deny defendant's motion for sanctions.

¶ 27    Appeal dismissed.